KELLY ASPHALT BLOCK COMPANY, Respondent, *v.* THE BARBER ASPHALT PAVING COMPANY, Appellant.

Contract — when contract, not under seal, made in name of agent for undisclosed principal may be sued on by the latter at his election.

1. A contract complete in form does not in the absence of fraud or misrepresentation become a nullity in fact because of a secret belief in the mind of the undisclosed principal that the disclosure of his name would be prejudicial to the completion of the bargain.

2. A contract, not under seal, made in the name of an agent as ostensible principal, may be sued on by the real principal at the latter's election, and the fact that the identity of the principal has been concealed because of the belief that, if it were disclosed, the contract would not be made, does not authorize an exception to the rule.

*Kelly Asphalt Block Co.* v. *Barber Asphalt Paving Co.*, 153 App. Div. 907, affirmed.

(Argued March 26, 1914; decided April 14, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 6, 1912, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*L. Laflin Kellogg* and *Franklin Nevius* for appellant. The trial justice erred in refusing to charge the jury that if for any reason the defendant would not have sold its

blocks to the plaintiff, there could be no contractual rela-
tionship between the plaintiff and the defendant, and the
plaintiff could not recover on the theory that Booth was
agent for it as an undisclosed principal.　The trial justice
also erred in charging that the question as to whether
the defendant for any reason would not have sold to plain-
tiff was not for the jury's consideration.　(Wald's Pollock
on Cont. [3d ed.] 590, 591; *Winchester* v. *Howard*, 97
Mass. 303; *Boston Ice Co.* v. *Potter*, 123 Mass. 28; *Kelly
A. B. Co.* v. *Barber A. P. Co.*, 136 App. Div. 21; *Kling*
v. *I. Nat. Bank*, 160 N. Y. 698; *A. S. Co.* v. *Belden Co.*,
127 U. S. 387; *Consumers Ice Co.* v. *Webster*, 32 App.
Div. 592; *H. R. Co.* v. *U. R. Co.*, 33 App. Div. 62;
*Moore* v. *Vulcanite Cement Co.*, 121 App. Div. 667;
*Cowan* v. *Curran*, 216 Ill. 598.)　The learned trial justice
erred in charging the jury that the fact that Booth rep-
resented to the Barber Asphalt Paving Company that he
was getting the blocks for himself, or did not disclose to
them at the time that he was getting them for the plain-
tiff, was not conclusive.　(*Raabe* v. *Squire*, 148 N. Y. 81.)

*Edward M. Grout* and *James F. McKinney* for
respondent.　Booth throughout the. transaction was
plaintiff's agent.　The court properly left the question of
agency to the jury, charging it that if Booth was not the
agent of plaintiff it could not recover.　(*Greenwood* v.
*Schumacker*, 82 N. Y. 615; *F. B. N. Co.* v. *Mackey*, 83
Hun, 51; 155 N. Y. 685.)　An undisclosed principal of an
oral or written agreement, not under seal, may enforce
the contract in his own name.　(*Nicoll* v. *Burke*, 78
N. Y. 580; *Briggs* v. *Partridge*, 64 N. Y. 357; *Brady* v.
*Nally*, 151 N. Y. 258; *Ludwig* v. *Gillespie*, 105 N. Y.
653; *Henderson, Hull & Co.* v. *McNally*, 48 App. Div.
137; 168 N. Y. 646; *Sears* v. *Conover*, 33 How. Pr. 324;
*Tyler* v. *Barrows*, 29 N. Y. Super. Ct. 104; *Devlin* v.
*Mayor*, 63 N. Y. 8; *Hunter* v. *Giddings*, 97 Mass. 41;
*Huntington* v. *Knox*, 61 Mass. 371.)

CARDOZO, J.    The plaintiff sues to recover damages for
breach of an implied warranty.    The contract was made
between the defendant and one Booth.    The plaintiff says
that Booth was in truth its agent, and it sues as undis-
closed principal.    The question is whether it has the
right to do so.

The general rule is not disputed.    A contract not under
seal, made in the name of an agent as ostensible princi-
pal, may be sued on by the real principal at the latter's
election.    (*Henderson, Hull & Co.* v. *McNally*, 48 App.
Div. 134; affirmed on opinion below, 168 N. Y. 646;
*Cothay* v. *Fennell*, 10 B. & C. 671.)    The defendant
says that we should establish an exception to that rule,
where the identity of the principal has been concealed
because of the belief that, if it were disclosed, the con-
tract would not be made.    We are asked to say that the
reality of the defendant's consent is thereby destroyed,
and the contract vitiated for mistake.

The plaintiff and the defendant were competitors in
business.    The plaintiff's president suspected that the
defendant might refuse to name him a price.    The sus-
picion was not based upon any previous refusal, for there
had been none; it had no other origin than their relation
as competitors.    Because of this doubt the plaintiff
availed itself of the services of Booth, who, though inter-
ested to the defendant's knowledge in the plaintiff's busi-
ness, was also engaged in a like business for another cor-
poration.    Booth asked the defendant for a price and
received a quotation, and the asphalt blocks required for
the plaintiff's pavement were ordered in his name.    The
order was accepted by the defendant, the blocks were
delivered, and payment was made by Booth with money
furnished by the plaintiff.    The paving blocks were
unmerchantable, and the defendant, retaining the price,
contests its liability for damages on the ground that if it
had known that the plaintiff was the principal, it would
have refused to make the sale.

We are satisfied that upon the facts before us the defense cannot prevail. A contract involves a meeting of the minds of the contracting parties. If " one of the supposed parties is wanting," there is an absence of " one of the formal constituents of a legal transaction." (*Rodliff* v. *Dallinger*, 141 Mass. 1, 6.) In such a situation there is no contract. A number of cases are reported where A has ordered merchandise of B, and C has surreptitiously filled the order. The question has been much discussed whether C, having thrust himself without consent into the position of a creditor, is entitled to recover the value of his wares. (*Boston Ice Co.* v. *Potter*, 123 Mass. 28; *Boulton* v. *Jones*, 2 H. & N. 564; *Gordon* v. *Street*, L. R. [2 Q. B. 1899] 641; *Barcus* v. *Dorries*, 64 App. Div. 109; *Kling* v. *Irving Nat. Bank*, 21 App. Div. 373; 160 N. Y. 698; *Randolph Iron Co.* v. *Elliott*, 34 N. J. L. 184; 7 Halsbury, The Laws of England, title Contracts, pp. 354, 355.) That question is not before us, and we express no opinion concerning it. We state it merely to accentuate the distinction between the cases which involve it and the case at hand. Neither of the supposed parties was wanting in this case. The apparent meeting of the minds between determinate contracting parties was not unreal or illusory. The defendant was contracting with the precise person with whom it intended to contract. It was contracting with Booth. It gained whatever benefit it may have contemplated from his character and substance. (*Humble* v. *Hunter*, 12 Ad. & El. (N. S.) 311; *Arkansas Smelting Co.* v. *Belden Co.*, 127 U. S. 379, 387; *American Colortype Co.* v. *Continental Colortype Co.*, 188 U. S. 104.) An agent who contracts in his own name for an undisclosed principal does not cease to be a party because of his agency. (*Higgins* v. *Senior*, 8 M. & W. 834, 844.) Indeed, such an agent, having made himself personally liable, may enforce the contract though the principal has renounced it. (*Short* v. *Spackman*, 2 B. & Ad. 962. See also, *Briggs* v.

*Partridge,* 64 N. Y. 357, 362; *Jemison* v. *Citizens'* S. *Bank,* 122 N. Y. 135, 143.) As between himself and the other party, he is liable as principal to the same extent as if he had not been acting for another. It is impossible in such circumstances to hold that the contract collapses for want of parties to sustain it. The contractual tie cannot exist where there are not persons to be bound, but here persons were bound, and those the very persons intended. If Booth had given the order in his own right and for his own benefit, but with the expectation of later assigning it to the plaintiff, that undisclosed expectation would not have nullified the contract. His undisclosed intention to act for a principal who was unknown to the defendant, was equally ineffective to destroy the contract in its inception.

If, therefore, the contract did not fail for want of parties to sustain it, the unsuspected existence of an undisclosed principal can supply no ground for the avoidance of a contract unless fraud is proved. We must distinguish between mistake such as we have been discussing, which renders the contract void *ab initio,* because the contractual tie has never been completely formed, and fraud, which renders it voidable at the election of the defrauded party. (*Rodliff* v. *Dallinger,* 141 Mass. 1, 6.) In the language of HOLMES, J., in the case cited: "Fraud only becomes important, as such, when a sale or contract is complete in its formal elements, and therefore valid unless repudiated, but the right is claimed to rescind it." If one who is in reality an agent denies his agency when questioned, and falsely asserts that his principal has no interest in the transaction, the contract, it may be, becomes voidable, not because there is a want of parties, but because it has been fraudulently procured. That was substantially the situation in *Winchester* v. *Howard* (97 Mass. 303). When such a case arises, we shall have to consider whether a misrepresentation of that kind is always so material as to justify rescission after

the contract has been executed. (Leake on Contracts [6th ed.], pp. 19, 340.) But no such situation is disclosed in the case at hand. Booth made no misrepresentation to the defendant. He was not asked anything, nor did he say anything, about the plaintiff's interest in the transaction. Indeed, neither he nor the plaintiff's officers knew whether the defendant would refuse to deal with the plaintiff directly. They suspected hostility, but none had been expressed. The validity of the contract turns thus, according to the defendant, not on any overt act of either the plaintiff or its agent, but on the presence or absence of a mental state. We are asked to hold that a contract complete in form, becomes a nullity in fact because of a secret belief in the mind of the undisclosed principal that the disclosure of his name would be prejudicial to the completion of the bargain. We cannot go so far. (*Stoddard* v. *Ham*, 129 Mass. 383.) It is unnecessary, therefore, to consider whether, even if fraud were shown, the defendant, after the contract was executed, could be permitted to rescind without restoring the difference between the price received for the defective blocks and their reasonable value. It is also unnecessary to analyze the evidence for the purpose of showing that the defendant, after notice of the plaintiff's interest in the transaction, continued to make delivery, and thereby waived the objection that the contract was invalid. (*Cincinnati S.-L. Ill. Gas Co.* v. *Western Siemens-L. Co.*, 152 U. S. 200, 202; *Mudge* v. *Oliver*, 1 Allen, 74.)

Other rulings complained of by the defendant have been considered, but no error has been found in them.

The judgment should be affirmed, with costs.

Willard Bartlett, Ch. J., Werner, Chase, Collin, Cuddeback and Hogan, JJ., concur.

Judgment affirmed.