■ THOMAS INDUSTRIES, INC., Plaintiff, v. HARRY SACKREN et al., Defendants and Third-Party Plaintiffs-Respondents. NEW YORK BLACKBOARD, INC., Third-Party Defendant-Appellant.— In an action on respondents' written guarantee, the third-party defendant appeals from an order of the Supreme Court, Kings County, dated May 14, 1970, which denied its motion to dismiss respondents' third-party complaint. Order reversed, on the law, with $10 costs and disbursements, and third-party complaint dismissed. Sackren and Raskin (S & R), the third-party plaintiffs, personally guaranteed performance by Professional Surplus Co., Inc. (Professional), not a party to this action, of all of the terms and provisions of a sublease of a building entered into between the latter, as sublessee, and Benjamin Electric Manufacturing Co. (now Thomas Industries, Inc., the plaintiff), as sublessor. Thereafter, Professional entered into a further sublease of portions of the premises with New York Blackboard, Inc. (Blackboard), the third-party defendant. The suit by the plaintiff, Thomas Industries, Inc., is against S & R on their guarantee. In their third-party complaint S & R allege that if they are held liable to plaintiff on their guarantee of performance it will be because Blackboard has breached the terms of its sublease with Professional; and S & R therefore seek recovery over against Blackboard for any judgment which may be rendered against them. It is apparent that there is no privity of contract, or other relationship, between S & R and Blackboard. The record is barren of any intimation that Blackboard was at any time prior to this lawsuit even aware that S & R had guaranteed performance of the terms of the sublease between plaintiff's predecessor and Professional. *McCabe* v. *Queensboro Farm Prods.* (22 N Y 2d 204), cited in the dissenting opinion, has no application to the fact pattern here. In that case the third-party plaintiff alleged that the third-party defendant "had participated on the job as a joint venturer and had agreed to share all losses arising out of the performance of the roofing contract" (p. 207). That being the fact, said Chief Judge Fuld, "such an agreement would entitle him [the third-party plaintiff] to be indemnified for one half of any loss which he might suffer as a result of McCabe's [plaintiff's] lawsuit" (p. 208). Thus, there was a contractual relationship between the third-party plaintiff and the third-party defendant, which brought the third-party complaint directly within the provisions of CPLR 1007, which provides: "After the service of his answer, a defendant may proceed against a person not a party who is or may be liable to him for all or part of the plaintiff's claim against him". Here, the third-party plaintiff and the third-party defendant are complete strangers to each other and the latter can in no event be liable to the former "for all or part of the plaintiff's claim". Under

such circumstances, since there is no possibility of S & R obtaining a judgment over against Blackboard, the third-party complaint does not state a cause of action and must be dismissed. Rabin, P. J., Martuscello, Shapiro and Christ, JJ., concur; Hopkins, J., dissents and votes to affirm the order, with the following memorandum: The third-party plaintiffs, officers of Professional Surplus Co., Inc., personally guaranteed the performance of a lease between Professional, as sublessee, and Benjamin Electric Manufacturing Co., as sublessor, in order to obtain the approval of Benjamin to a second sublease, by Professional to New York Blackboard, Inc. That sublease between Professional and Blackboard provided that it was subject to the terms of the master lease and the terms of the first sublease, between Benjamin and Professional; and it further provided that Blackboard would comply with all laws and regulations of Federal and State agencies and with any direction of a public officer with respect to the premises. Thereafter, the New York City Fire Department directed that an automatic sprinkler system be installed in the premises. Blackboard refused to make the installation; and the master landlord was compelled to do so. The master landlord sued its tenant and the plaintiff (the successor of Benjamin) for its expenses; and the plaintiff suffered judgment in the sum of some $10,000 recovered against it. Plaintiff in this action seeks to recover the amount of the judgment, and its counsel fees in defending the suit against it, from the third-party plaintiffs on their guarantee. The third-party complaint against Blackboard alleges that, if the third-party plaintiffs are held liable to plaintiff, then that liability was created by Blackboard's breach of the sublease between it and Professional, and hence judgment is sought over against Blackboard in the event the third-party plaintiffs are held liable to plaintiff. In my opinion, the third-party complaint states a cause of action and was properly interposed in this litigation. The third-party plaintiffs, as guarantors of the lease between Benjamin and Professional, are subrogated to all the rights of Professional against Blackboard under the terms of the second sublease, the one between Blackboard and Professional. The second sublease was subject to the terms of the master lease and the first sublease; moreover, it imposed a responsibility expressly on Blackboard to comply with the directions and regulations of local public officials. Hence, the third-party plaintiffs are subrogees of the rights of plaintiff in the enforcement of the terms of the first sublease (10 Williston, Contracts [3d ed.], §§ 1264, 1265) and to the rights of Professional in the enforcement of the terms of the second sublease with respect to the covenant of compliance with the municipal direction (*Johnson Serv. Co.* v. *E. H. Monin, Inc.*, 253 N. Y. 417, 422). As subrogation is a remedy designed to adjust the equities, it lends itself admirably to use in third-party actions, where indemnity and suretyship are the prime issues. Here, the true question before the court is the party which in this series of leases should bear the expense of the installation of equipment required by the Fire Department. One action has already been completed; the defendant held in damages in that action has commenced a second action; and the third-party complaint will eliminate further litigation. It is no longer a requirement in third-party actions that an indemnitee show actual loss by payment of a judgment against him. The indemnitee may secure a conditional judgment whereby liability is determined, but not requiring the third-party defendant to pay until the judgment in the main action has been paid (*McCabe* v. *Queensboro Farm Prods.*, 22 N Y 2d 204, 208). By this method the rights of the parties are fixed without further delay or harassing litigation — a particularly important consideration in light of the complex of parties, documents and legal relationships involved in this litigation. Hence, I would affirm the order.