■ JOHN P. MARKEY, Individually and as Administrator of the Estate of RHONDA MARKEY, Deceased, Appellant, v. BROOKS MEMORIAL HOSPITAL et al., Respondents, et al., Defendant.— Order unanimously reversed, with costs, and motion denied without prejudice to renewing the motion in a proper county. Memorandum: Special Term, Chautauqua County, should not have entertained the motion to change venue, on the ground of convenience of witnesses, from Rockland County, in the Ninth Judicial District where plaintiff resides and where the venue of the action was properly laid, to Chautauqua County (Newell v. Huston, 35 A D 2d 908; Upstate Tel-Hotel Corp. v. Prospect House Corp., 12 A D 2d 876; CPLR 2212). In reversing the order granting the relief requested we also note the insufficiency of the papers supporting the application for change of venue (Radatron, Inc. v. Z. Z. Auto Tel., 30 A D 2d 760). (Appeal from order of Chautauqua Special Term changing venue in action for damages for wrongful death). Present — Witmer, J. P., Moule, Cardamone, Goldman and Del Vecchio, JJ.

■ WESTERN REGIONAL OFF-TRACK BETTING CORPORATION, Respondent, v. TOWN OF HENRIETTA et al., Appellants.— Judgment unanimously affirmed, without costs. Memorandum: We should not interfere with the discretion of Special Term to grant a temporary injunction (R & J Bottling Co. v. Rosenthal, 40 A D 2d 911; Eidelberg v. Steinberg 6 A D 2d 895). (Appeal from judgment of Monroe Special Term in motion for preliminary injunction.) Present — Marsh, P. J., Simons, Mahoney, Goldman and Del Vecchio, JJ. [78 Misc 2d 169.]

■ BENNETT DAIRY, Appellant, v. CECIL A. PUTNEY, Individually and Doing Business as AUTOMATED BUILDING SYSTEMS, Respondent.— Order unanimously reversed, with costs, and motion denied. Memorandum: Bennett Dairy, a partnership, alleged in its complaint that it was the undisclosed principal of Claude I. Bennett who executed a contract with defendant for defendant to erect a silo on the Bennett farm. Bennett was required to build a foundation upon which the silo could be placed. Although the foundation was built, defendant never erected the silo. Special Term incorrectly dismissed the complaint on the ground that plaintiff lacked capacity to sue. A partner is the agent of the partnership and his acts may be adopted and enforced by the partnership as its own (Partnership Law, § 20), and an undisclosed principal may sue on the contract of the agent (Kelly Asphalt Block Co. v. Barber Asphalt Paving Co., 211 N. Y. 68, 70; Alpert v. G. R. E. Constr. Corp., 222 App. Div. 60; Navarre Hotel & Importation Co. v. American Appraisal Co., 156 App. Div. 795). (Appeal from order of Monroe Special Term in action for damages for breach of contract.) Present.— Witmer, J. P., Moule, Cardamone, Simons and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACK KOLB, Appellant.— Judgment insofar as it imposes sentence unanimously reversed and matter remitted to Monroe County Court for resentencing, and otherwise judgment affirmed. (See People v. Ranieri, 43 A D 2d 1012.) (Appeal from judgment of Monroe County Court adjudging defendant a youthful offender.) Present — Marsh, P. J., Witmer, Cardamone, Simons and Goldman, JJ.