■ LEON BERNSTEIN COMMERCIAL CORP., Respondent, v PAN AMERICAN WORLD AIRWAYS, Defendant and Third-Party Plaintiff, and VIASA VENEZUELAN INTERNATIONAL AIRWAYS, Defendant and Third-Party Plaintiff-Appellant. AEROFLOT SOVIET AIRLINES, Third-Party Defendant.—Order, Supreme Court, New York County, entered November 9, 1978, denying motion of defendant Viasa Venezuelan International Airways (VIASA) for summary judgment pursuant to CPLR 3212 (subd a), unanimously affirmed, with costs. It stands admitted for purposes of this motion that plaintiff was the undisclosed principal of International Reptiles Corp., the consignor named in the air waybill covering a cargo of diamond python snakeskins, shipped from Singapore to Valencia, Spain, via Aeroflot. The consignee was Bank of

London and South America in Valencia. The snakeskins were misdelivered to JFK International Airport in New York. Pan American Airways (Pan Am), Aeroflot's handling agent at JFK Airport, transferred the snakeskins to VIASA. They were loaded on a VIASA plane bound for Caracas, Venezuela. Upon arrival at Caracas, they were impounded by Venezuelan customs officials. In this action to recover the value of the snakeskins, defendant VIASA moved to dismiss upon the ground that plaintiff has no capacity to sue under the Warsaw Convention (49 US Stat 3014 *et seq.)* because plaintiff is neither the consignor nor the consignee named in the air waybill. Article 14 of the Warsaw Convention provides: "The consignor and the consignee can respectively enforce all the rights given them by articles 12 and 13, each in his own name, whether he is acting in his own interest or in the interest of another, provided that he carries out the obligations imposed by the contract." Article 15 provides: "(1) Articles 12, 13 and 14 shall not affect either the relations of the consignor and the consignee with each other or the relations of third parties whose rights are derived either from the consignor or from the consignee." Although there are authorities to the effect that only the consignor or consignee named in the air waybill may sue, we have held that the convention is not to be so narrowly construed, if to do so would defeat the rights of the true owner. *(American Banana Co. v Venezolana Internacional De Aviacion S. A. [VIASA],* 67 AD2d 613.) In that case VIASA urged that the consignee named in the air waybill had no standing to sue because it was not the real party in interest. It has been held that the real party in interest has standing to sue although not the consignee named in the air waybill *(Parke, Davis & Co. v British Overseas Airways Corp.,* 11 Misc 2d 811). It is contended on behalf of VIASA that the Warsaw Convention must be read as limiting the right to sue to the named consignor or consignee in order to insure that the carrier will know with whom it is dealing and will not be subjected to double liability. However, if it can be established upon the trial that plaintiff is indeed the undisclosed principal of the consignor named in the air waybill, and had title to the goods at the time of the loss, defendant will not be making any liability payment to the wrong party nor will plaintiff be unjustly enriched by any award of damages. Plaintiff's rights are "derived * * * from the consignor". (Warsaw Convention, art 15.) Any issue as to the plaintiff's *bona fides* is preserved for resolution upon a trial by virtue of the fifth affirmative defense, upon which defendant's motion is premised, which alleges lack of standing to sue by virtue of the Warsaw Convention *(American Banana Co. v Venezolana Internacional De Aviacion S. A. [VIASA], supra).* "As a treaty, the Warsaw Convention is the supreme law of the land. (US Const, art VI, cl 2.) The Convention should be interpreted to effectuate its evident purposes." *(Young Jewelry Mfg. Co. v Delta Air Lines,* 67 AD2d 148, 150.) Its evident purpose is to protect shippers as well as carriers. *(Parke, Davis & Co. v British Overseas Airways Corp., supra.)* It is well settled in this State that an undisclosed principal may sue at his election on a contract made solely in the name of his agent unless the party sued can establish prejudice. *(Kelly Asphalt Block Co. v Barker Asphalt Paving Co.,* 211 NY 68; *Taub v Colonial Coated Textile Corp.,* 54 AD2d 660.) No prejudice has here been alleged or shown. If upon a trial it can be established that plaintiff is the undisclosed principal of the consignor named in the air waybill and that the plaintiff had title to the goods, and VIASA is found liable for the misdelivery so as to entitle plaintiff as the real party in interest to damages, defendant will have suffered no prejudice. Concur— Murphy, P. J., Kupferman, Birns, Fein and Silverman, JJ.