■ BENJAMIN P. HANSBURY, Respondent, v JOSEPH MORANO, Doing Business as MORANOS OF 5TH AVENUE, Appellant. — Order, Supreme Court, New York County (M. Taylor, J.), entered March 25, 1981, which, *inter alia,* granted plaintiff's motion for summary judgment as to defendant's liability and directed a trial for the purpose of assessing damages, unanimously reversed, on the law, and the motion denied, with costs. The plaintiff and defendant are both experienced dealers in jewels and ivory art objects. The plaintiff consigned a valuable piece of ivory artwork to the defendant as consignee. The consignment price, payable to plaintiff, was $17,000, and any amount received in excess of this price was to be retained by defendant as profit. Plaintiff delivered this object to defendant on November 18, 1978. The term of consignment commenced on this date and was to terminate on January 1, 1979. At the expiration of this period the defendant was to return the art object or pay the price of $17,000. At an examination before trial, plaintiff testified that he delivered the art object to defendant in a perfect, unblemished condition and that when he attempted to reclaim this article on January 2, 1979, it was damaged. The defendant maintains that when he attempted to return this ivory piece, it was in the same condition as when he received it. The defendant argues that he has always been ready, willing and able to comply with the terms of the consignment. However, plaintiff has refused to accept the article and has refused to sign a statement that the object was being returned "in fine condition/in perfect condition". The defendant also refused the plaintiff's demands to pay for the ivory piece. Plaintiff, thereafter, commenced this action for $17,000, the price of this bejeweled work of art. There obviously is a material issue as to the condition of the ivory art object when first received by the defendant from the plaintiff and its condition when defendant attempted to tender it back to plaintiff. This issue, which is enveloped by conflicting statement, is not capable of being resolved by a motion for summary judgment. It is the defendant's further contention that the plaintiff was trying to force him to purchase the article, which he has repeatedly refused to do. It is worthwhile to note that plaintiff in his verified complaint, as well as in his motion for summary judgment, seeks only the monetary sum of $17,000, and nowhere does he demand the return of the ivory art object. Thus, Special Term's statement that "It is not disputed that some amount is owed to plaintiff" is not borne out by the record. Defendant has consistently disputed this fact. On a motion for summary judgment, the function of the court is to determine if a substantial question of fact exists *(Esteve v Abad,* 271 App Div 725). In the record before this court, there is a clear divergence of opinion as to the condition of the ivory piece at the time of its delivery to defendant, and at

the time of its attempted return to plaintiff. This issue cannot be determined on the papers before this court. Concur — Sullivan, J. P., Ross, Lupiano and Lynch, JJ.