■ FREDERICK E. PAROLA, Respondent, v LIDO BEACH HOTEL, INC., et al., Appellants. — In an action to recover damages for breach of contract and on an account stated, defendants appeal (1) from an order of the Supreme Court, Nassau County (Becker, J.), dated June 1, 1982, which granted plaintiff's motion for summary judgment against them, awarded the principal sum of $100,000, dismissed defendants' counterclaims, and denied defendants' cross motion, for, *inter alia,* summary judgment and leave to serve an amended answer; and (2) from a judgment entered thereon, dated June 7, 1983. Appeal from the order dismissed, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248). Judgment modified, on the law, by deleting so much of the first and second decretal paragraphs as is against defendant Lido Terrace, Inc., and substituting therefor a provision denying plaintiff's motion as against Lido Terrace, Inc., and granting defendants' cross motion for summary judgment dismissing plaintiff's complaint against that defendant. As so modified, judgment affirmed, without costs or disbursements. The order dated June 1, 1982 is modified accordingly. Plaintiff law firm may adopt and enforce the contract entered into by its agent, Albert I. Feuerstein (Partnership Law, § 20; *Bennett Dairy v Putney,* 46 AD2d 1010). Furthermore, defendants Lido Beach Hotel, Inc., and Lido Beach Associates may not escape liability on the contract by claiming ignorance of the undisclosed principal's existence (*Kelly Asphalt Block Co. v Barber Asphalt Paving,* 211 NY 68; *Bennett Dairy v Putney, supra*). There is no evidence in the record to rebut plaintiff's proof that Feuerstein performed under the contract. The rezoning was granted, which was the stated condition precedent to payment. Defendants' conclusory allegations of duress, legal malpractice and breach of contract are insufficient to defeat plaintiff's motion for summary judgment (see *Zuckerman v City of New York,* 49 NY2d 557). Additionally, plaintiff rendered a valid account stated to the agent of the defendant Lido Beach Hotel, Inc. The failure to object to the amount allegedly due for one year after the first account was rendered creates a presumption of the account's validity (*Gurney, Becker & Bourne v Benderson Dev. Co.,* 47 NY2d 995; *Rodkinson v Haecker,* 248 NY 480). Defendants' conclusory allegations are insufficient to overcome this presumption. Defendant Lido Beach Associates assumed the debt owing from defendant Lido Beach Hotel, Inc., to plaintiff. The correspondence between plaintiff and the corporations' attorney clearly indicates an agreement to assume that debt. Defendant Lido Beach Associates is bound by the acts of its agent performed within the scope of the agency (see, e.g., *Farr v Newman,* 14 NY2d 183). Furthermore, Lido Beach Associates was the party which ultimately benefited from performance of the contract. It was formed to develop the subject realty prior to the execution of the contract, but subsequent to the commencement of Feuerstein's performance. Its president and other corporate agents had knowledge of Feuerstein's services in its behalf, which knowledge may be imputed to the corporation as principal. Under these circumstances, defendant Lido Beach Associates has adopted and assumed defendant Lido Beach Hotel's obligations under the contract (see *Morgan v Bon Bon Co.,* 222 NY 22; *Penato v George,* 82 AD2d 877). However, there is no evidence in the record to support a finding of defendant Lido Terrace's liability. The fact that the three corporate defendants

share some common stockholders and officers does not warrant disregarding the corporate entity (*Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652). As there is no other evidence to link defendant Lido Terrace to the subject transaction, defendants' cross motion for summary judgment should have been granted as to it. We have reviewed the defendants' other contentions and find them to be without merit. Mollen, P. J., Titone, O'Connor and Niehoff, JJ., concur.