CLIFFORD AYMES, Appellant, v GATEWAY DEMOLITION INC. et al., Respondents. [817 NYS2d 233]—

Order, Supreme Court, New York County (Rosalyn Richter, J.), entered on or about May 9, 2005, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff, a nonparty to the contract, lacked standing to bring this action. To the extent he asserts a contract claim, neither he nor his assignor (the previous owner of the property) was a third-party beneficiary of the contracts between defendant demolition companies and the City of New York (*see Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38 [1985]). The contracts do not contain language evincing an intent to benefit the property owner (*see LaSalle Natl. Bank v Ernst & Young*, 285 AD2d 101, 108-109 [2001]).

While an undisclosed principal may sue on a contract made in its agent's name (*see e.g. Leon Bernstein Commercial Corp. v Pan Am. World Airways*, 72 AD2d 707, 708 [1979]), plaintiff has failed to plead facts sufficient to permit an inference that the City was acting as the previous property owner's agent when it entered into the demolition contracts. Neither the complaint nor the affidavit submitted by the previous property owner indicates that the owner was willing to allow the City to act for

it or that it controlled the City (*see Dark Bay Intl., Ltd. v Acquavella Galleries, Inc.*, 12 AD3d 211 [2004], *lv denied* 4 NY3d 705 [2005]; *cf. Pensee Assoc. v Quon Indus.*, 241 AD2d 354, 359 [1997]).

To the extent plaintiff asserts a fraud claim, he lacks standing because the alleged misrepresentations were made to the City, not to plaintiff or the previous property owner (*see Pensee*, 241 AD2d at 360). Moreover, there is no allegation that the supposed misrepresentations were made for the purpose of influencing the actions of either plaintiff or the previous property owner (*cf. Kuelling v Roderick Lean Mfg. Co.*, 183 NY 78, 85-86 [1905]).

To the extent plaintiff is asserting an unjust enrichment claim, he lacks standing because neither he nor the previous property owner bestowed a benefit on defendants (*see Wiener v Lazard Freres & Co.*, 241 AD2d 114, 119-121 [1998]).

Plaintiff's remaining arguments are unpreserved, and we decline to reach them. Concur—Marlow, J.P., Williams, Gonzalez, Sweeny and Catterson, JJ.