■ DIANA PACHECO, Respondent, v KUSHNER COMPANIES et al., Defendants. KUSHNER COMPANIES et al., Third-Party Plaintiffs-Respondents, v TOYS "R" US-DELAWARE, INC., Third-Party Defendant-Appellant. [931 NYS2d 54]—

The court correctly denied the motion of tenant Toys "R" Us for summary judgment insofar as it sought dismissal of the third-party complaint in its entirety, since tenant failed to eliminate all triable issues of fact with respect to whether it was responsible for maintaining the sidewalk where plaintiff's accident occurred. Toys "R" Us established which lease controlled, but the lease provision regarding its responsibility for repairs and maintenance to the subject sidewalk is ambiguous since it is susceptible to more than one interpretation as to what constituted the demised premises, and as to which sidewalks Toys "R" Us was responsible for maintaining (*see Feldman v National Westminster Bank*, 303 AD2d 271 [2003], *lv denied* 100 NY2d 505 [2003]). Further, the parties' reliance upon parol evidence did not clarify the ambiguous terms of the lease, but presented a triable issue of fact (*see Omath Holding Co. v City of New York*, 149 AD2d 179, 186 [1989]).

However, the court erred in failing to grant the motion insofar as it sought dismissal of the contractual indemnification claims of entities not covered by the indemnification provision of the lease (*see Thomas Indus. v Sackren*, 37 AD2d 601 [1971]). The record establishes that only Bruckner Plaza Associates was a signatory to the lease at issue.

We have considered the remaining contentions of Toys "R" Us and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Abdus-Salaam and Román, JJ.