# . CIRCUIT COURT OF THE CITY OF NORFOLK

Jeffrey Carlen
and Honey Carlen

    v.

T. C. Gifford, L.L.C.

August 13, 2015

Case No. CL14-7776

BY JUDGE MARY JANE HALL

The matter comes before the Court on Defendant's Motion To Dismiss Plaintiffs' first cause of action. For the reasons stated herein, the Motion To Dismiss is denied.

### *Background*

Plaintiff, The Carlen Family Trust, is the record owner of five single family residences located in Virginia Beach, Virginia. Plaintiffs Jeff Carlen and Honey Carlen have an interest in the Trust.

In April 1999, the Carlens entered into a written management agreement with Progressive Realty, pursuant to which Progressive agreed to manage the five residences owned by the Trust as rental properties. The Agreement designates the Carlens as "Owner(s)" of the properties and Progressive as "Agent." The Agreement provides that "Agent shall arrange for all emergency repairs [and] normal maintenance" for the five properties.

In April 2008, Defendant T. C. Gifford, L.L.C., purchased the management portfolio of Progressive, including the Agreement signed by Progressive and the Carlens. Defendant concedes that it is Progressive's corporate "successor" and thereby assumed Progressive's liability under the Agreement.

During the term of the Agreement, the five properties encompassed by the Agreement fell into varying states of disrepair, prompting the Carlens to terminate its relationship with Defendant under the Agreement by written

letter dated November 29, 2010. Plaintiffs commenced this action on November 7, 2014.

Plaintiffs contend that Defendant breached the Agreement by negligently failing to maintain the properties in an adequate state of repair, thereby causing injury to Plaintiffs.

In its Motion To Dismiss, Defendant argues that Plaintiffs' claim is not timely and barred under the statute of limitations prescribed by Virginia Code § 8.01-246(4). Specifically, Defendant argues that there is no written contract between Defendant and the Trust because the Agreement does not disclose the existence of the Trust or state that the Carlens signed it as agents for the Trust. Because the Agreement makes no reference to the Trust, Defendant concludes that any contract between the Trust and Defendant for the management of the properties was unwritten and thus governed by the three-year statute of limitations prescribed by Va. Code § 8.01-246(4). Defendant emphasizes that any injury sustained by the Trust as a result of Defendant's alleged breach of the unwritten management contract occurred before November 29, 2010, the date of the termination letter. As Plaintiffs did not commence this action until more than three years after this date, Defendant contends that this action is barred as untimely under Va. Code § 8.01-246(4).

In the alternative, Defendant contends that the Trust is not a party to the Agreement and may only bring suit to enforce its terms as a third-party beneficiary. Defendant argues that breach of contract actions brought by a third-party beneficiary are governed by a two-year statute of limitations pursuant to the "catch-all" provision prescribed by Va. Code § 8.01-248.

Plaintiffs argue that the Trust is a party to the Agreement because Carlens signed the Agreement as agents for the Trust and Progressive had knowledge that the Carlens were entering the Agreement on behalf of the Trust as their principal. Plaintiffs also claim that Defendant operated under the same knowledge, as its performance under the Agreement demonstrated its awareness that the Trust owned the five properties and was thus a party to the contractual relationship. Plaintiffs thus conclude that a written contract exists between the parties, and its claims for breach of that contract are thus subject to a five-year statute of limitations pursuant to Va. Code § 8.01-246(2). Plaintiffs argue that this action is timely as to any breaches of the Agreement that occurred on or after November 7, 2009, pursuant to Va. Code § 8.01-246(2).

## Discussion

This motion turns on whether a principal is a party to, and thus has standing to enforce, a written contract entered by its agent on the principal's behalf. If answered in the affirmative, the Trust, as the Carlens' principal, would be a party to the Agreement with standing to enforce its terms and the contractual relationship between the Trust, and Defendant would be

governed by a written contract subject to a five-year statute of limitations under Va. Code § 8.01-246(2).

Neither party has cited to any authority pertaining to this issue. Relevant state and federal precedent reveals, however, that, under Virginia law, an undisclosed principal is a party to any contract entered into by its agent on its behalf and has standing to enforce its terms.

The ability of an undisclosed principal to enforce an agreement entered into by its agent on behalf of that principal is well-established in American law. *See, e.g., Ford v. Williams*, 62 U.S. (21 How.) 287, 289, 16 L. Ed. 36 (1858) (holding that "the contract of the agent is the contract of the principal, and he may sue ... thereon, though not named therein."); *Kelly Asphalt Block Co. v. Barber Asphalt Paving Co.*, 211 N.Y. 68, 70-71, 105 N.E. 88, 89 (1914) (opinion of Cardozo, J.) ("[a] contract ... made in the name of an agent as ostensible principal, may be sued on by the real principal at the latter's election."). The United States Court of Appeals for the Fourth Circuit adopted this principle in *Prichard v. Budd*, 76 F. 710, 713 (4th Cir. 1896), holding that "[i]t is now well established that a principal can maintain an action on a written contract made by his agent in the agent's name, the contract not disclosing the name of the principal."

The Supreme Court of Virginia has also recognized an undisclosed principal's ability to enforce a written contract entered by its agent on the principal's behalf. In *Thomas Branch · & Co. v. Riverside & Dan River Cotton Mills, Inc.*, 147 Va. 522, 137 S.E. 614 (1927), the Court held:

> Where a person enters into a simple contract, oral or in writing ... in his own name, when he is in fact acting as the agent of another and for his benefit, without disclosing his principal ... [i]t is ... well settled that, upon such a contract, either the agent or the principal may sue... .

147 Va. at 536, 137 S.E. at 619. *See also National Bank of Va. v. Nolting*, 94 Va. 263, 264, 26 S.E. 826, 827 (1897) ("it is well settled that where a contract is made with an agent, and in the agent's name for an undisclosed principal, either the agent or principal may sue upon it.").

Although the seminal decisions recognizing this principle date to the nineteenth and early twentieth centuries, recent authority signals its continuing vitality. Consistent with federal and Virginia precedent, the Third Restatement of Agency provides:

> When an agent acting with actual authority makes a contract on behalf of an undisclosed principal ... unless excluded by the contract, *the principal is a party to the contract* ... and ... the principal, if a party to the contract, and the third party have

the same rights, liabilities, and defenses against each other as if the principal made the contract personally.

Restatement (Third) of Agency § 6.03 (2006) (emphasis added).

In 1998, the United States Court of Appeals for the Seventh Circuit concluded that, if a single undisclosed principal brought suit to enforce a contract entered by its agent, "it would be unquestionable that it could enforce the contract in its own right." *Brunswick Leasing Corp. v. Wisconsin Cent.*, 136 F.3d 521, 527 (7th Cir. 1998).

More recently, the Southern District of Ohio rejected the argument that a principal could not bring suit to enforce a written contract executed by its agent, holding that "it is generally held that an undisclosed principal is a party to, and may bring suit to enforce, contracts entered into by its agents." *Katzenmoyer v. TR'BL Mktg.*, No. 2:12-cv-660, 2012 U.S. Dist. lexis 139011 at *9 (S.D. Ohio Sept. 27, 2012) (citing *Ford v. Williams*, 62 U.S. (21 How.) 278, 289 (1858)).

In 2013, the Southern District of New York held that, "as principal, the [undisclosed principal] ha[s] standing to sue on the [contract], because a principal can sue on a contract entered into by his agent on his behalf." *IMG Fragrance Brands, L.L.C. v. Houbigant, Inc.*, 759 F. Supp. 2d 363, 375 (S.D. N.Y. 2013) (citing *Kelly Asphalt*, 311 N.Y. at 70).

The Eastern District of Virginia has affirmed the modern vitality of this rule under Virginia law by noting that, under *Nolting*, "a principal may maintain an action on a written contract negotiated by his agent." *Vollmar v. CSX Transp., Inc.*, 705 F. Supp. 1154, 1168, n. 36 (E.D. Va. 1989) (citing *Oliver Refining Co. v. Portsmouth Cotton Oil Refining Co.*, 109 Va. 513, 64 S.E. 56, 58 (1909); *National Bank of Va. v. Nolting*, 94 Va. 263, 26 S.E. 826 (1897)).

Relevant precedent, both early and modern, uniformly indicates that a principal is a party to any written contract entered into by its agent on the principal's behalf, regardless of whether the principal's existence or identity is disclosed to the other contracting party. Therefore, the Court concludes that Virginia law treats an undisclosed principal as a party to any written contract entered into by its agent on the principal's behalf. As such, the undisclosed principal has standing to bring actions alleging breaches of such contracts.

In this case, the Trust has been the record owner of the properties for the duration of the contractual relationship at issue. The parties acknowledge that the Carlens, as owners and trustees of the Trust, entered into a written contract for the management of these properties with Progressive as agents for the Trust. Under controlling precedent, the Trust is a party to the Agreement as an undisclosed principal and may permissibly bring suit to enforce its terms.

Consequently, the Court finds that a written contract exists between the . Trust and Defendant. The Trust's claim for breach of the Agreement is thus

governed by a five-year statute of limitations pursuant to Va. Code § 8.01-246(2).

The statute of limitations for breach of contract claims begins to run "when the breach of contract occurs." Va. Code § 8.01-230. Plaintiffs commenced this action on November 7, 2014. Therefore, this action is timely as to any breach of the Agreement that occurred on or after November 7, 2009.

## Conclusion

As the Court finds that the contractual relationship between the parties is governed by a written contract, Plaintiffs' claims against Defendant for breach of the Agreement are governed by a five-year statute of limitations under Va. Code § 8.01-246(2). This action is thus timely as to breaches of the Agreement that occurred on or after November 7, 2009. Accordingly, the Defendant's Motion To Dismiss is denied.