■ BARBARA SIMMONS, Plaintiff, v BERKSHIRE EQUITY, LLC, et al., Appellants, and LIVINGSTON CAR PARK, LLC, Respondent. [53 NYS3d 335]—

In an action to recover damages for personal injuries, the defendants Berkshire Equity, LLC, and Eilat Management Corp. appeal from an order of the Supreme Court, Kings County (Partnow, J.), dated July 8, 2014, which granted the motion of the defendant Livingston Car Park, LLC, for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the appeal from so much of the order as granted that branch of the motion of the defendant Livingston Car Park, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as the appellants are not aggrieved by that portion of the order (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendant Livingston Car Park, LLC, which was for summary judgment dismissing the cross claims asserted by the defendant Berkshire Equity, LLC, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof granting that branch of the motion of the defendant Livingston Car Park, LLC, which was for summary judgment dismissing the cross claim for common-law indemnification asserted by the defendant Eilat Management Corp., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as reviewed, with costs to the appellants.

This action to recover damages for personal injuries arises

out of an incident in which the plaintiff allegedly fell due to a defect in a sidewalk. The plaintiff commenced this action against the defendant Livingston Car Park, LLC (hereinafter Livingston), which leased a parking lot abutting the sidewalk, the defendant Berkshire Equity, LLC (hereinafter Berkshire), which owned the parking lot, and the defendant Eilat Management Corp. (hereinafter Eilat), a separate entity that shared office space with Berkshire. The lease for the parking lot was entered into between Livingston and nonparty Security Equity, LLC (hereinafter Security). An answer was filed on behalf of Livingston and a separate answer was filed on behalf of Berkshire and Eilat (hereinafter together the Berkshire defendants). In their answer, the Berkshire defendants asserted cross claims against Livingston for contractual and common-law indemnification, and two cross claims alleging the failure to procure insurance as required by the lease. Livingston moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court granted the motion, and the Berkshire defendants appeal.

Initially, despite Livingston's argument to the contrary, Berkshire may enforce provisions of Livingston's lease for the parking lot. An undisclosed principal may sue on a contract made in the name of its agent unless there is a showing of fraud (see Kelly Asphalt Block Co. v Barber Asphalt Paving Co., 211 NY 68, 70 [1914]; Aymes v Gateway Demolition Inc., 30 AD3d 196, 196 [2006]; Parola v Lido Beach Hotel, 99 AD2d 465, 465 [1984]; Leon Bernstein Commercial Corp. v Pan Am. World Airways, 72 AD2d 707, 708 [1979]). Here, Livingston's submissions confirmed that Berkshire owned the property that Livingston was renting, and that the lease was valid. Livingston does not assert that it would not have entered into the lease had it known then that Berkshire was, in fact, the owner. Although Livingston was not aware that Berkshire had authorized an agent to enter into the lease on its behalf, Livingston cannot escape liability on the contract by claiming ignorance of the undisclosed principal's existence (see Kelly Asphalt Block Co. v Barber Asphalt Paving Co., 211 NY at 70; Parola v Lido Beach Hotel, 99 AD2d at 465; Taub v Colonial Coated Textile Corp., 54 AD2d 660, 661 [1976]). However, the three cross claims asserted by Eilat based on provisions of the lease were properly dismissed for lack of standing, as Eilat was not a party to the lease or an owner of the premises, and there is no claim that Security entered into the lease on its behalf or that the lease was intended for its benefit (see generally Aymes v Gateway Demolition Inc., 30 AD3d at 196).

The Supreme Court should have denied those branches of

Livingston's motion which were for summary judgment dismissing all four of the cross claims asserted by Berkshire, and the cross claim for common-law indemnification asserted by Eilat. With respect to contractual and common-law indemnification, Livingston's submissions revealed the existence of triable issues of fact as to whether it had a duty under the lease to repair the alleged defect upon which the plaintiff fell (*see Ginter v Flushing Terrace, LLC*, 121 AD3d 840, 845 [2014]; *Pacheco v Kushner Cos.*, 88 AD3d 550, 551 [2011]; *Shadlich v Rongrant Assoc., LLC*, 66 AD3d 759, 760 [2009]; *cf. Reimold v Walden Terrace, Inc.*, 85 AD3d 1144, 1146 [2011]), and whether the alleged defect was created or caused to occur through its special use of the sidewalk as a driveway (*see Bisono v Quinn*, 125 AD3d 704, 705 [2015]; *see generally Katz v City of New York*, 18 AD3d 818 [2005]). Further, Livingston did not establish its prima facie entitlement to judgment as a matter of law dismissing the cross claims alleging breach of contract for the failure to procure insurance, as it did not submit any evidence demonstrating that it procured an insurance policy as required by the lease (*see generally DiBuono v Abbey, LLC*, 83 AD3d 650, 652 [2011]; *Rodriguez v Savoy Boro Park Assoc. Ltd. Partnership*, 304 AD2d 738, 739 [2003]). Accordingly, as Livingston failed to make a prima facie showing of entitlement to judgment as a matter of law, the Supreme Court should have denied those branches of its motion which were for summary judgment dismissing the four cross claims asserted by Berkshire and the cross claim for common-law indemnification asserted by Eilat, without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Leventhal, Hall and Duffy, JJ., concur.