Artemus USA LLC v Leila Taghinia-Milani Inc. (2022 NY Slip Op 00115)





Artemus USA LLC v Leila Taghinia-Milani Inc.


2022 NY Slip Op 00115


Decided on January 11, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2022

Before: Gische, J.P., Kern, Friedman, Oing, Singh, JJ. 


Index No. 656115/17 Appeal No. 15033-15033A Case No. 2021-03174, 2021-03387 

[*1]Artemus USA LLC et al., Plaintiffs-Respondents,
v
Leila Taghinia-Milani Inc. et al., Defendants-Appellants.


Mazzola Lindstrom LLP, New York (Richard E. Lerner of counsel), for appellants.
Franzino & Scher LLC, New York (Frank J. Franzino, Jr. of counsel), for respondents.



Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered August 11, 2021, awarding plaintiffs money damages, and appeal therefrom bringing up for review an order, same court and Justice, entered September 8, 2020, which denied defendants' motion to dismiss the breach of contract claim as asserted by Artemus USA LLC for lack of standing, and an order, same court and Justice, entered on or about July 6, 2021, which granted plaintiffs' motion for summary judgment and denied defendants' motion for summary judgment, unanimously modified, on the law, to vacate the judgment and deny plaintiffs' motion, and otherwise affirmed, without costs. Appeal from the aforesaid orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Defendants' alleged delay in returning the subject consigned artwork did not constitute a breach of the consignment agreement, given that there was no contractual date for the artwork's return, emails between the parties reflect that the return was the subject of ongoing discussion, and plaintiffs accepted the shipment upon its return. However, whether the artwork was damaged during the consignment period remains an issue to be determined at trial (see Hansbury v Morano, 85 AD2d 526, 526 [1st Dept 1981]). Additionally, we note that the damages clause contained in the consignment agreement is ambiguous, and thus plaintiffs' damages cannot be determined on a motion for summary judgment (see Ruttenberg v Davidge Data Sys. Corp., 215 AD2d 191, 193 [1st Dept 1995]).
Defendants also raised issues of fact as to whether they were fraudulently induced to enter into the consignment agreement by submitting evidence that plaintiff Artemus purchased the subject artwork for half of the estimated value set forth in the consignment agreement, and plaintiffs were aware that the artwork had an extensive restoration history that was not disclosed to defendants (see generally Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]).
The court correctly denied defendants' motion to dismiss Artemus's claims on the ground that Artemus was not a party to the consignment agreement. Plaintiffs alleged facts sufficient to permit an inference that plaintiff Edelman Arts, as consignor, was acting as the agent of the owners of the consigned artworks (see Aymes v Gateway Demolition Inc., 30 AD3d 196, 196 [1st Dept 2006]), and thus that Artemus, as the owner of the subject artwork, has an interest in the agreement as a third-party
beneficiary (see Decolator, Cohen & DiPrisco v Lysaght, Lysaght & Kramer, 304 AD2d 86, 90 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2022