■ EMMA CLARK, as Administratrix of the Estate of PAUL G. CLARK, Deceased, Respondent, v. FIFTY SEVENTH MADISON CORPORATION et al., Defend-

ants, and SEDGWICK MACHINE WORKS, INC., Appellant.— In an action to recover damages for the wrongful death of plaintiff's intestate, defendant Sedgwick Machine Works, Inc., appeals from an order of the Supreme Court, Kings County, dated December 14, 1960, disaffirming the report of the Official Referee, and denying its motion to set aside the purported service upon it of the summons and complaint. Order reversed, with $10 costs and disbursements; plaintiff's motion to disaffirm the Referee's report denied; and said defendant's motions: (a) to confirm the report, and (b) to vacate the service upon it of the summons and complaint, granted without costs. The record established that the person to whom the summons and complaint were delivered was not a managing agent or clerk of the said defendant corporation within the meaning of subdivision 8 of section 228 of the Civil Practice Act, and was not authorized to accept service of process on its behalf. The fact that later, and on the same day, the summons and complaint came into the possession of an officer of the corporation is immaterial (*Equitable Life Assur. Soc. of U. S.* v. *Ehrlich*, 250 App. Div. 761; *Wiener* v. *Ravekes*, 241 App. Div. 774, and cases therein cited). Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.