■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RALPH SCOTT, Appellant.— Appeal from order entered August 29, 1967, denying defendant's motion to dismiss an indictment dismissed. (See *Matter of Bloeth* v. *Marks*, 20 A D 2d 372, 375.) Concur— Botein, P. J., Stevens, Steuer, Capozzoli and McNally, JJ.

■ BANKERS COMMERCIAL CORPORATION, Respondent, v. ALTO, INC., Appellant.— Order entered on January 17, 1968, confirming report of a Special Referee and denying motion of defendant to dismiss complaint for lack of jurisdiction, unanimously reversed, on the law and the facts, with $50 costs and disbursements to defendant, and complaint dismissed. Both acceptance and delivery of the basic agreement between the party corporations was effected in Virginia, where defendant, a Virginia corporation conducted a substantial part of its business activity and where it could normally be found. All of defendant's contacts with plaintiff, a New York corporation, were by telephone, mail or by visits of the plaintiff's representatives to the defendant's office in Virginia. The two visits of defendant's representative to plaintiff in New York were either for social reasons or to discuss a settlement of differences. The fact that payments of moneys due under that assigned conditional sales contract were to be made and in fact were partially made in New York is insufficient to confer jurisdiction. Alone, such contacts with this State do not constitute purposeful acts sufficient to sustain jurisdiction. (*Hubbard, Westervelt & Mottelay* v. *Harsh Bldg. Co.*, 28 A D 2d 295; *Wirth* v. *Prenyl, S. A.*, 29 A D 2d 373.) Concur— Stevens, J. P., Steuer, McGivern, Rabin and McNally, JJ.

■ In the Matter of the Accounting of GEORGE PEABODY et al., as Successor Trustees under an Indenture Made Between EMU ASSOCIATES, INC., as Grantor, and the NEW YORK TRUST COMPANY et al., as Trustees, JOSEPH H. PEABODY, Appellant; MANUFACTURERS HANOVER TRUST COMPANY, as Sole Trustee under Indenture of Trust, et al., Respondents.— Order entered December 30, 1966, insofar as appealed from, unanimously affirmed, with $50 costs and disbursements to all parties filing briefs, payable out of the trust estate. Special Term determined correctly that appellant, for the purposes of this trust, is not an issue or descendant of George Peabody. Appellant, the natural son of Cornelia Romilly, daughter of the actual grantor of the trust, and the adopted son of George Peabody, son of the grantor, is not entitled to take an additional share as a son of George Peabody by virtue of such adoption. The entire language of the trust indenture supports the determination made at Special Term. Stephen Peabody, the grantor, expressly provided that a share or shares of the income should, under certain conditions, be paid over to the children or issue of the children of Stephen Peabody, per stirpes and not per capita. The only person expressly excluded by name from a share in the profits, income, etc., was George Peabody, Jr., a grandson. It should be noted that there was no such exclusion of any issue or descendants of George Peabody, Jr. In fact the trust instrument notes that when reference is made to descendants of Stephen Peabody "it shall be taken to signify the descendants referred to who are living at the time of the accrual of the right to receive the share". The command of the instrument is designed to treat George Peabody, Jr., as if he were dead by its terms of express exclusion. But it is evident from the instrument as a whole that there was no intent to exclude his issue. Accordingly, when the time of accrual occurred as to the descendants of the grantor, the children of George Peabody, Jr., were competent to take. Concur— Stevens, J. P., Eager, Capozzoli and Bastow, JJ.