■ DAVID TAUB, Respondent, v COLONIAL COATED TEXTILE CORP. et al., Defendants, and MERCANTILE BANK OF ISRAEL LIMITED, et al., Appellants.— Order, Supreme Court, New York County, entered March 31, 1976, granting plaintiff's motion to vacate a prior order dismissing the complaint as to defendants-appellants, and, upon reargument and reconsideration, reinstating the complaint against defendants-appellants, unanimously modified, on the law, so as to dismiss the complaint and sever the action against defendant-appellant Mercantile Bank of Israel Limited, and, as so modified, affirmed, without costs, and without disbursements. Plaintiff, an Israeli coat manufacturer, ordered textiles from the defendants other than appellants. In connection with this transaction, appellants, Mercantile Bank of Israel Limited (Mercantile) and Israel Discount Bank Limited (IDB), handled a letter of credit opened on plaintiff's behalf. Mercantile issued the letter in Israel at the request of A. Irani Ltd. (Irani) an Israeli corporation, in favor of Colonial Coated Textile Corp. (Colonial), and forwarded it to the New York branch of IDB for the purposes of advising Colonial thereof and of making payment thereunder. Plaintiff claims that Irani acted as his agent. Plaintiff alleges, in that part of the complaint as relates to appellants, that Colonial altered the letter of credit and that IDB, having knowledge of the alteration, nevertheless paid Colonial against the said document. Appellants' motion to dismiss was granted on the ground that plaintiff did not have capacity to sue. Plaintiff moved pursuant to CPLR 5015 for an order

vacating the prior order of dismissal. The court granted reargument and reconsideration at which time plaintiff introduced two affidavits prepared subsequent to the prior order, and the invoice for the transaction which gave rise to the letter of credit. These documents substantiated plaintiff's contention that he was an undisclosed principal on whose behalf the letter of credit was opened. The court reinstated the complaint against appellants. While on reargument it is inappropriate to consider newly proffered evidence *(Simpson v Loehmann,* 21 NY2d 990), CPLR 5015 (subd [a], par 2) provides for the introduction of newly discovered evidence as a basis for the application to vacate a prior order upon reconsideration. (See, also, *Ladd v Stevenson,* 112 NY 325, which holds that a court has inherent power to vacate its orders in the furtherance of justice.) There is no merit in appellants' contention that plaintiff lacks capacity to maintain the action against them. As an undisclosed principal on whose behalf the letter of credit was opened, plaintiff is the real party in interest and may prosecute the action in his own name. (See *Kelly Asphalt Block Co. v Barber Asphalt Paving Co.,* 211 NY 68.) Appellants contend they are not subject to New York jurisdiction. Mercantile is a foreign corporation, not licensed to do business in New York. To be subject to New York jurisdiction, Mercantile must be found to be "doing business" in New York under CPLR 301, or come under CPLR 302, the long-arm statute. There is no definite expression of what constitutes "doing business" and each case must be decided on its own particular facts *(Sterling Novelty Corp. v Frank & Hirsch Distr. Co.,* 299 NY 208, 210–211). However, to be doing business in New York, Mercantile's activities within the State must be continuous, systematic, and regular *(Lowenthal Co. v Colonial Woolen Mills,* 38 AD2d 775). Mercantile maintains no office, agent or branch in New York. It conducts its business in New York through IDB as its New York correspondent. Clearly, Mercantile is not doing business in New York. Furthermore, "standing by itself, a correspondent bank relationship, without any other indicia or evidence to explain its essense, may not form the basis for long-arm jurisdiction under CPLR 302 (subd [a], par 1) [sic]" *(Amigo Foods Corp. v Marine Midland Bank-N. Y.,* 39 NY2d 391, 396). As to IDB, which has branches and conducts regular business in New York, the finding of jurisdiction is clearly appropriate. The claim of *forum non conveniens* is unsubstantiated by the facts. Concur—Markewich, J. P., Murphy, Birns, Capozzoli and Nunez, JJ.