■ AMIGO FOODS CORP., Respondent, v MARINE MIDLAND BANK-NEW YORK et al., Defendants, E. H. PARENT, INC., et al., Respondents, and AROOSTOOK TRUST COMPANY, Appellant.—Order, Supreme Court, New York County, entered May 6, 1977, denying defendant Aroostook Trust Company's motion to dismiss the complaint and cross claims against it pursuant to CPLR 3211 (subd [a], par 8) for lack of jurisdiction of the person, unanimously reversed, on the law, defendant-appellant's motion to dismiss the complaint and cross claims against it for lack of jurisdiction granted, and the action severed as against it accordingly. Defendant-appellant shall recover of plaintiff-respondent and defendants-respondents one bill of $60 costs and disbursements of this appeal. On a previous appeal, the Court of Appeals remanded this case for the purpose of permitting disclosure proceedings to determine "whether Aroostook purposely availed itself of the privilege of conducting activities in New York thereby invoking the benefits

and protections of its laws (see *Hanson v Denckla,* 357 US 235, 253) and, particularly, the precise nature of its relationship with Irving Trust vis-à-vis the handling of letters of credit." (39 NY2d 391, 396.) Such disclosure proceedings having been held, defendant Aroostook again moved to dismiss and Special Term denied the application. Defendant Parent whose office is in Maine arranged to sell potatoes to plaintiff Amigo located in New York State under a contract which required Amigo to make payment through a letter of credit opened by Amigo in the Marine Midland Bank in New York "with payment through the Aroostook Trust Company, Madawaska, Maine." The only other reference to Aroostook in the contract was that Parent would submit invoices identified with the letter of credit number for each shipment, when shipped, to the Aroostook Trust Company for collection on the letter of credit. Aroostook was not a party to the contract. The letter of credit thus issued mentioned Aroostook only in the context that the letter of credit was "airmailed through Aroostook Trust Company, Madawaska, Maine." Aroostook was thus only the "advising bank." Its duty was essentially limited to informing its customer Parent of the arrival of the letter of credit. The letter of credit was in fact mailed by Marine Midland Bank to Aroostook in Maine. Aroostook had a long-standing correspondent bank relationship with Irving Trust Company, with whom Aroostook maintained a relatively small checking account. As defendant Parent was making demands for payment, Amigo directed Marine Midland Bank to wire funds to Parent for Parent's account. Marine Midland, in the interest of speed, unilaterally chose to deposit the funds with Irving Trust Company in New York to the credit of Aroostook for the benefit of Parent. Irving Trust Company informed Aroostook of this fact. Aroostook informed Parent who instructed Aroostook to reject the funds. Aroostook thereupon instructed Irving Trust Company to do so. It is thus apparent that Aroostook's only connection with New York was the maintenance of its correspondent relationship and incidental checking account with Irving Trust Company and the unilateral choice of Marine Midland to make the deposit through Irving Trust Company in New York rather than directly to Aroostook in Maine and Aroostook's instructions to Irving Trust Company to reject the credit when Parent so instructed Aroostook. On the previous appeal, the Court of Appeals said: "Standing by itself, a correspondent bank relationship, without any other indicia or evidence to explain its essence, may not form the basis for long-arm jurisdiction under CPLR 302 (subd [a], par 1)" (39 NY2d 391, 396, *supra).* In our view, disclosure has revealed nothing which forms the basis for long-arm jurisdiction over Aroostook in the present case. In particular, Aroostook has not "purposely availed itself of the privilege of conducting activities in New York thereby invoking the benefits and protections of its laws" (p 396). On the contrary, it has passively and unilaterally been made the recipient of funds which at its customer's direction it has declined. Concur—Silverman, J. P., Evans, Fein and Markewich, JJ.