■ ROBERT BURNSIDE et al., Respondents, v SUBURBAN SYRACUSE AIR-PORT, INC., Appellant, et al., Defendant.—Order unanimously reversed, without costs, and summary judgment granted defendant Suburban Air dismissing complaint. Memorandum: This action to foreclose plaintiffs Burnsides' mortgage given by defendant Suburban Syracuse Airport, Inc., was commenced on November 26, 1976 by the service of a summons and complaint. The affidavit of the process server, Robert Hulland, stated that he personally knew Suburban's president, Robert N. Weichert, for five years and that during that period of time Weichert had maintained a business office at 46 Oswego Street, Village of Baldwinsville, and that this was also the office of Suburban, the defendant corporation. Several days prior to December 6, 1976 Hulland searched for Weichert at his office in Baldwinsville, at the airport operated by Suburban and at Weichert's residence. He was not successful in effecting service upon him. He therefore left a copy of the summons and complaint with Donna Seymour, employed by Weichert for approximately two years as his secretary at defendant's place of business at 46 Oswego Street, Baldwinsville, and mailed a copy of the summons and complaint to 46 Oswego Street. He asked Donna Seymour to deliver the summons and complaint to Weichert. CPLR 311 provides with respect to service upon a domestic corporation: "Personal service upon a corporation or governmental subdivision shall be made by delivering the summons as follows: 1. upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or any other agent authorized by appointment or by law to receive service". It is clear that the process server merely left the summons and complaint with the secretary to the president of defendant, for the purpose of effecting service pursuant to CPLR 308 which relates only to service upon a natural person. The secretary was not employed by the defendant. In his affidavit of service Hulland checked the box entitled "suitable age person," apparently assuming that delivery to a person of suitable age would be permissible. (But see *McDonald v Ames Supply Co.,* 22 NY2d 111.) Even were Donna Seymour an employee of defendant, service upon her would not have been service upon the corporate defendant *(Commissioners of State Ins. Fund v Singer Sewing Mach. Co.,* 281 App Div 867), she not being a person designated in CPLR 311. Summary judgment dismissing the complaint is granted to defendant Suburban in accordance with the provisions of CPLR 3212 (subd [b]) upon the ground that in personam jurisdiction over the corporate defendant was not properly obtained by service of process pursuant to CPLR 311 (subd 1). (Appeal from order or Oswego Supreme Court—summary judgment.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer. JJ.

■ STATE DIVISION OF HUMAN RIGHTS, Petitioner, v RUSTCRAFT BROAD-CASTING et al., Respondents.—Petition unanimously dismissed, without costs, and determination and order confirmed. (Proceeding pursuant to Executive Law, § 298.) Present—Moule, J. P., Cardamone, Simons, Dillon and Hancock, Jr., JJ.