ALESSANDRO FARAVELLI, Doing Business as GUISTO FARA-
VELLI, s.a.s., Plaintiff, v BANKERS TRUST COMPANY et
al., Respondents.

BANKERS TRUST COMPANY, Defendant and Third-Party
Plaintiff, v CREDITO ITALIANO, Third-Party Defendant-
Respondent.

BANKERS TRUST COMPANY, Defendant and Third-Party
Plaintiff-Respondent, v PUNJAB & SIND BANK, LTD.,
Third-Party Defendant-Appellant.

First Department, March 18, 1982

### APPEARANCES OF COUNSEL

*Kurt Dinkelmeyer* of counsel (*DiNardo & Co., P.C.,* attorneys), for third-party defendant-appellant.

*Jack H. Weiner* of counsel (*Charles Leeds,* attorney), for defendant and third-party plaintiff-respondent.

### OPINION OF THE COURT

FEIN, J.

The sole issue on this appeal is whether jurisdiction was properly obtained over Punjab & Sind Bank, Ltd. (Punjab), a bank located in Calcutta, India.

Plaintiff Alessandro Faravelli (Faravelli), an Italian businessman located in Milan, Italy, in 1977 purchased from defendant M.G. Chemical Co., Inc. (M.G.), a New York corporation with offices in New York City, a quantity of blue synthetic dye to be delivered to Faravelli in Italy. Faravelli posted an irrevocable letter of credit in the sum of $64,000 through his bank, Credito Italiano (Credito), in favor of M.G. Credito confirmed the letter to the beneficiary, M.G., for payment at Bankers Trust Co. (Bankers) in New York City on presentation of appropriate documentation.

On request of M.G., $26,000 of the credit was irrevocably transferred to Indian Chemicals and Metallurgical Co. (Indian Chemicals). The transfer was accomplished through Punjab. Indian Chemicals caused the dye, valued at $26,000, to be exported from Calcutta to Milan. Indian Chemicals then drew a sight draft for that sum under the transfer of the letter of credit. It negotiated the documents against the letter of credit through Punjab, which paid Indian Chemicals in Indian rupees an equivalent sum as advance payment against the letter of credit, conditioned on the obligation of Indian Chemicals to repay Punjab the amount of the advance in the event of dishonor or nonpayment. Punjab forwarded the documents to Bankers, directing Bankers to remit the proceeds to Punjab's account with Manufacturers Hanover Trust Co. (Manufacturers) in New York City. Bankers never remitted any funds to Manufacturers by reason of the fact that in this suit, instituted by Faravelli against Bankers and M.G., a temporary injunction and later a preliminary injunction issued enjoining payment on the letter of credit upon the grounds that (1) the documentation submitted by M.G. did not satisfy the requirements of the letter of credit issued by Credito on behalf of Faravelli, (2) the merchandise delivered did not comply with the contract, and (3) payment of the funds would cause irreparable damage. Faravelli sought to void the letter of credit and to require Bankers to pay Faravelli the $64,000 deposited by it with Credito in connection with the letter of credit. Bankers asserts that it never received the funds necessary to pay the letter of credit. Bankers

impleaded and instituted a third-party action against Credito and asserted a cross claim against M.G.

By way of affirmative defense to the cross claim, M.G. asserted that Bankers was obligated to release the funds secured by the letter of credit to M.G. on the ground that Punjab had found the documents in order and transferred $26,000 to Indian Chemicals in reliance thereon. M.G. alleged that Punjab's approval of the documents bound all parties and estopped Bankers from raising any objections to the documents. As the litigation proceeded, Bankers warned Punjab several times to come into the litigation to protect its interests, asserting that if it failed to do so Punjab would be bound by the result. Punjab responded by demanding that Bankers pay Punjab as soon as the court injunction was lifted. Punjab instituted action in India against Bankers, M.G., Indian Chemicals, Faravelli and others, serving process by registered mail, apparently authorized under Indian law.

Thereafter, the instant case came to trial. After three days it was determined that the trial could not proceed in the absence of Punjab, whereupon the court granted leave to Bankers to institute this third-party interpleader action against Punjab and to issue a third-party summons and complaint to be served by registered mail upon Punjab in India. The order also directed service upon any three correspondent banks with which Punjab had accounts in New York. Pursuant to that order, Bankers served Punjab by registered mail and served notice of the lawsuit upon four banks, enumerated by the Trial Justice as correspondent banks. Punjab admitted receipt of the third-party summons and complaint by registered mail in India. The correspondent banks all admitted receipt of the notice but denied they were authorized to accept service on behalf of Punjab. In addition, Manufacturers, the bank to which Punjab had directed Bankers to make payment, advised Punjab to obtain counsel to take action to protect the Punjab interests in this action.

This appeal is from the denial of Punjab's motion to dismiss the third-party complaint and to vacate the order authorizing service upon it by registered mail in India and

by serving notice upon its correspondent banks in New York.

Punjab alleges that the manner of service authorized did not give the court jurisdiction over Punjab.

We agree.

On this record there is no showing that Punjab is engaged in any business activities in New York City sufficient to satisfy the long-arm jurisdictional requirements under CPLR 302. The record does not reveal that Punjab transacts any business within the State or contracts any-. where to supply goods or services in the State (CPLR 302, subd [a], par 1). It neither owns, uses nor possesses any real property within the State (CPLR 302, subd [a], par 4). It has no office or place of business within the State. So far as appears, its sole nexus is the transmittal of the documents calling for payment on the letter of credit and the maintenance of correspondent accounts with three or four banks in New York City. The mailing of a draft or documents to New York for payment does not rise to the level of activity contemplated by CPLR 302 as a basis for personal jurisdiction (*Amigo Foods Corp. v Marine Midland Bank-N. Y.*, 39 NY2d 391, after remittitur 46 NY2d 855, affg 61 AD2d 896).

Nothing in *Zeevi & Sons v Grindlays Bank (Uganda)* (37 NY2d 220, cert den 423 US 866) supports the claim of jurisdiction. The issue in that case was a question of choice of laws involving subject matter jurisdiction, whether New York law should apply, not whether there was in personam jurisdiction. Nor is *Ehrlich-Bober & Co. v University of Houston* (49 NY2d 574) of any aid to Bankers. In that case, over a period of five months there were 22 separate transactions with the plaintiff, a New York dealer in municipal and government securities worth some $44,000,000. There, one of the defendant's employees visited New York on several occasions to work out the terms of the transactions and delivered a purchase order for at least one such transaction. There, the entire series of transactions started with a telephone call to the plaintiff, asking plaintiff to enter into a reverse repurchase agreement for securities, and the first transaction was confirmed by a letter agreement sent

from Texas by the defendant to the plaintiff in New York which signed and returned it to the defendant. Further, in each transaction in that case the plaintiff delivered the purchase price to the defendant's New York correspondents which delivered the securities to the plaintiff. There were a number of extensions of the agreement before the defendant breached the agreement by failing to repurchase the securities in New York. Thus the contract was executed and partially performed in New York before the breach. This was purposeful activity.

In no way comparable was Punjab's purchase of the draft with title documents from Indian Chemicals in India, calling for payment under the letter of credit and transmission of such documents to Bankers in New York for collection (*Amigo Foods Corp. v Marine Midland Bank-N. Y., supra*). The mere mailing from India of a draft together with documents to a New York bank for payment does not constitute transacting business within New York (*Amigo Foods Corp. v Marine Midland Bank-N. Y., supra*; see *Bankers Commercial Corp. v Alto, Inc.*, 30 AD2d 517). Nor does the fact that Punjab had correspondent banks in New York in and of itself provide sufficient contacts for long-arm jurisdiction under CPLR 302 (*Taub v Colonial Coated Textile Corp.*, 54 AD2d 660; *Amigo Foods Corp. v Marine Midland Bank-N. Y., supra*). Even the underlying transaction had no real nexus with New York, involving as it did a letter of credit and documents concerning merchandise shipped from India to Italy, albeit the seller was a New York corporation.

Nor is Bankers aided by the provisions of CPLR 308, under which Trial Term apparently made its order. That section authorizes various means of personal service upon a "natural person" sufficient to obtain jurisdiction. Subdivision 5 of that section authorizes the court to direct the manner of service "if service is impracticable under paragraphs one, two and four of this section." There is no showing on this record that the court was apprised that service under those paragraphs was impracticable. Such a showing is essential to an attempt to acquire jurisdiction by a means of service directed by the court. Even if it be assumed that there was a sufficient predicate for authoriz-

ing the method of service directed in this case, no jurisdiction was acquired. Those procedures are not applicable with respect to a corporation, but only as against a "natural person" (CPLR 308; *Pinto v House,* 79 AD2d 361, 364; *Burnside v Suburban Syracuse Airport,* 62 AD2d 1135).

Personal service upon a corporation may only be made pursuant to the provisions of CPLR 311 (subd 1), "by delivering the summons * * * upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service".

It is undisputed that the service here was by registered mail in India and not upon an officer, director or managing or other agent. Thus, there is no jurisdiction. The fact that Punjab received the registered mail and hence knew of the existence of the action and of the attempt to make Punjab a party to it did not require Punjab to become such a party (*Jacobs v Zurich Ins. Co.,* 53 AD2d 524, mot to dismiss app granted 40 NY2d 844; *Clark v Fifty Seventh Madison Corp.,* 13 AD2d 693, app dsmd 10 NY2d 808).

Accordingly, the order, Supreme Court, New York County (ASCIONE, J.), entered on July 22, 1981 denying the motion of the Punjab & Sind Bank, Ltd., third-party defendant, to dismiss the third-party action, or, alternatively, to vacate the order of said Justice entered Supreme Court, New York County, on April 20, 1981 permitting the third-party action to be commenced against Punjab, should be reversed, on the law and the facts, the motion to dismiss the third-party complaint granted and the order of April 20, 1981 permitting joinder of Punjab & Sind Bank, Ltd., as a third-party defendant vacated, with costs.

KUPFERMAN, J. P., SULLIVAN and ASCH, JJ., concur.

Order, Supreme Court, New York County, entered on June 22, 1981, unanimously reversed, on the law and the facts, the motion to dismiss the third-party complaint granted and the order of April 20, 1981 permitting joinder of Punjab & Sind Bank, Ltd., as a third-party defendant vacated. Third-party defendant and interpleaded defen-

dant-appellant shall recover of defendant, third-party plaintiff and interpleading plaintiff-respondent $75 costs and disbursements of this appeal.