■ LAKESIDE CONCRETE CORP., Respondent, v PINE HOLLOW BUILDING CORP. et al., Appellants, et al., Defendants. — In an action, *inter alia,* to impress a trust pursuant to article 3-A of the Lien Law, defendants Pine Hollow Building Corp. and Metrohouse Constructors, Inc., appeal from so much of an order of the Supreme Court, Suffolk County (Canudo, R.), dated April 25, 1983, as, after a hearing, denied that branch of their motion which was to dismiss the action as against them on the basis, *inter alia,* of lack of personal jurisdiction.

Order reversed insofar as appealed from, on the law, with costs, and the motion of defendants Pine Hollow Building Corp. and Metrohouse Constructors, Inc., to dismiss the action as against them on the basis of lack of personal jurisdiction granted.

Plaintiff, Lakeside Concrete Corp., commenced the instant action against the corporate defendants Pine Hollow Building Corp. and Metrohouse Constructors, Inc., and the individual defendants Saul Muchnick and Dorothy Muchnick, officers of the defendant corporations, seeking, *inter alia,* to impress a trust pursuant to article 3-A of the Lien Law.

Subsequent to the service of the summons and complaint, the corporate defendants moved to dismiss the action as against them on the basis, *inter alia,* of lack of personal jurisdiction. After a hearing, the court denied the corporate defendants' motion, finding that personal jurisdiction had been acquired over them by service upon defendant Saul Muchnick, an officer of both defendant corporations, through personal delivery of a copy of the summons and complaint to a person of suitable age and discretion at Mr. Muchnick's actual place of business and by mailing the summons and complaint to his last known residence.

On appeal, the defendant corporations contend that the manner of service upon Mr. Muchnick was insufficient to give the court personal jurisdiction over them. We agree.

It is undisputed that service upon Mr. Muchnick was made pursuant to CPLR 308 (subd 2), which method is only applicable to service upon a natural person. In order to acquire personal jurisdiction over a domestic corporation by personal service,

service must be effectuated pursuant to CPLR 311 (subd 1). That subdivision provides that personal service upon a domestic corporation shall be made by delivering process to any one of several listed corporate representatives (see *McDonald v Ames Supply Co.,* 22 NY2d 111, 114-115; *Faravelli v Bankers Trust Co.,* 85 AD2d 335, 339-340, affd 59 NY2d 615; *Burnside v Suburban Syracuse Airport,* 62 AD2d 1135). Since the process in the instant case was not personally delivered to Mr. Muchnick, a corporate officer, nor any other authorized person, service was not effectively made upon the defendant corporations. In this regard, we note that the record does not indicate any circumstances which would excuse plaintiff's failure to personally deliver the summons and complaint to a person designated in CPLR 311 (see *McDonald v Ames Supply Co., supra,* pp 115-116, and the cases cited therein).

Moreover, the instant case is clearly distinguishable from *Port Chester Elec. Co. v Ronbed Corp.* (28 AD2d 1008), *Lac Leasing Corp. v Dutchess Aero, Inc.* (32 AD2d 949), and *Wellington Assoc. v Vandee Enterprises Corp.* (75 Misc 2d 330). In those cases, the courts held that service of a single copy of a summons and complaint upon a defendant corporate officer was effective service upon the defendant corporation, as well as upon the defendant corporate officer. However, the records indicate that the manner of service on the defendant corporate officers was by personal delivery of the process upon such individuals, in apparent compliance with CPLR 311, and not by service pursuant to CPLR 308 (subd 2), as in the instant case. Accordingly, the branch of defendant corporations' motion which sought to dismiss the instant action as against them on the basis of lack of personal jurisdiction should have been granted. O'Connor, J. P., Brown, Boyers and Eiber, JJ., concur.