■ DINO & ARTIE'S AUTOMATIC TRANSMISSION CO., INC., et al., Appellants, v FOUNDATION LIFE INSURANCE COMPANY OF AMERICA, Respondent, et al., Defendant. — The plaintiffs appeal from an order, Supreme Court, New York County (Edward Greenfield, J.), entered May 4, 1981, which granted the motion of defendant Foundation Life Insurance Company of America (Foundation) to dismiss the complaint; and plaintiffs appeal from a subsequent order of the same court, entered June 10, 1982, which denied the motion of plaintiffs for leave to renew; both are deemed an appeal from the judgment of the same court and Justice, entered May 26, 1981, in favor of defendant Foundation. Judgment, Supreme Court, New York County (Edward Greenfield, J.), dismissing the action against defendant Foundation, is unanimously reversed, on the law, judgment is vacated, the motion of defendant Foundation is denied, without prejudice to renewal after the completion of plaintiffs' discovery as to the issue of whether an agency relationship exists between defendant Foundation and defendant G & P Agency, Inc., with costs.

Defendant Foundation is a New Jersey corporation, and in 1978 it issued two life insurance policies, each in the face amount of $100,000, on the life of one Arthur Pinori (the insured). Plaintiff Dino & Artie's Automatic Transmission Co., Inc. (D&A) is a New York corporation and a beneficiary under one of the policies. The remaining plaintiffs, who are the insured's wife and children, are the beneficiaries under the other policy. On October 12, 1979 the insured died. Following receipt from the plaintiffs of the claims forms and the completion of an investigation, defendant Foundation disclaimed coverage, rescinded the subject policies and tendered the premiums back, upon the ground that the insured had allegedly misrepresented his medical condition.

Thereafter, in 1980, plaintiffs commenced the instant action against defendant Foundation and another defendant, G&P Agency, Inc. (G&P), to recover the proceeds of the subject policies. Defendant G&P, a New York corporation, was the insurance broker for the policies. While defendant G&P put in an answer, defendant Foundation moved to dismiss the complaint for lack of personal jurisdiction (CPLR 3211 [a] [8]).

In support of its motion, defendant Foundation alleged, in pertinent part, that Foundation was licensed as an insurance company in New Jersey; that its principal offices are located in

Chatham, New Jersey; that it is not authorized to do business in New York State; that it has never transacted business within this State; that the insured executed the applications for the two subject policies in New Jersey; that Foundation issued these policies in New Jersey and then delivered them in that State to plaintiff D&A; and, that codefendant G&P was never authorized to solicit, sell or write insurance for Foundation in New York. The plaintiffs' opposition to the motion relied heavily on an affidavit of Dino Magaletto (Mr. Magaletto), who was the president of plaintiff D&A. Mr. Magaletto alleged in that affidavit, in pertinent part, that in 1978 he and the insured both made applications, through defendant broker G&P, to defendant Foundation for life insurance; that he and the insured, in addition to signing their insurance applications in New York, also took their insurance physical examinations in this State, which examinations were given by defendant's doctor; that, after he and the insured were approved for policies, they paid the premiums to Foundation in this State; that neither he nor the insured ever went to New Jersey in connection with the policies; that defendant Foundation conducted its investigation after the insured's death in this State; and, that the door to the offices of defendant broker G&P in New York City bears the name of defendant Foundation in large letters. Special Term granted defendant Foundation's motion to dismiss. Thereafter, plaintiffs responded with a motion for leave to renew which was primarily based upon a newspaper article, in which it was reported that the New York State Department of Insurance was investigating defendant Foundation for conducting insurance business in New York without a license to do so. Since Special Term found that this article alone did not constitute sufficient evidence to justify renewal, it denied the motion. We find that Special Term erred.

After examining the record, we hold that defendant Foundation's motion should have been denied, without prejudice to renewal, after plaintiffs have had an opportunity to complete discovery on the issue of whether an agency relationship exists between defendant Foundation and New York broker G&P, so as to bring defendant Foundation's presence within this State. We find that the plaintiffs, by alleging, *inter alia,* that the policies were executed in this State and that defendant Foundation's name appears on defendant G&P's office door, have shown "that facts 'may exist' * * * to defeat the motion. It need not be demonstrated that they *do* exist. This obviously must await discovery" (*Peterson v Spartan Indus.,* 33 NY2d 463, 466; emphasis in text). Applicable to the disposition of this motion are the following words of the Court of Appeals in *Phillips v Kantor & Co.* (31 NY2d 307, 311), "[s]ummary judgment should be

denied where there is any doubt, at least any significant doubt, whether there is a material, triable issue of fact."

Plaintiffs may prevail in New York if they can show that defendant Foundation was doing business in New York through defendant G&P. Accordingly, plaintiffs should have the opportunity to so inquire, through discovery proceedings. Concur — Kupferman, J. P., Ross, Lynch, Kassal and Rosenberger, JJ.