■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTS-BURGH, Appellant, v IDEAL MUTUAL INSURANCE COMPANY et al., Defendants, and PARTHENON INSURANCE COMPANY, Respondent.—Order, Supreme Court, New York County (Richard W. Wallach, J.), entered on November 13, 1985, denying plaintiff's motion to reargue and renew its opposition to the motion of defendant Parthenon Insurance Company (Parthenon) to dismiss for lack of personal jurisdiction, unanimously reversed, on the law, with costs, the motion to reargue and renew is granted, and upon such reargument and renewal, Parthenon's motion to dismiss the complaint is denied without prejudice to renewal after discovery, limited to the issue of personal jurisdiction over Parthenon.

Appeal from order, same court and Justice, entered October 10, 1984, dismissing the complaint as against Parthenon for

lack of personal jurisdiction, dismissed as subsumed in the appeal respecting the order of November 13, 1985.

The sole issue on this appeal is whether plaintiff has obtained personal jurisdiction over defendant Parthenon. Plaintiff issued a workers' compensation—employer's liability insurance policy covering Hospital Corporation International, Ltd. (HCI), a subsidiary of Hospital Corporation of America (HCA), an additional named insured. The policy covered a July 5, 1980 accident in Saudi Arabia in which four employees of HCI were injured, and one of them, Dana Adibi, was rendered quadriplegic. All four brought actions in the State and Federal courts of Texas where they resided. Adibi's was settled for $1,800,000. Plaintiff agreed to pay that amount on behalf of its insured, HCI (Adibi's employer), with all rights reserved to plaintiff to seek amounts paid in excess of the $1 million limit of its liability coverage.

This action was instituted against Ideal Mutual Insurance Company (Ideal) and Parthenon. As against Parthenon, plaintiff alleged that Parthenon was HCI's excess insurer under an umbrella policy with unknown retained limits and that Parthenon's refusal to defend HCI or participate in the settlement of the Adibi action in Texas was unreasonable and in bad faith, subjecting it to responsibility for portions of plaintiff's settlement payment and defense costs and punitive damages. The complaint also sought a declaratory judgment as to the obligations of Parthenon and the other insurer parties for the Texas settlement and defense costs.

Parthenon moved to dismiss the complaint pursuant to CPLR 3211 (a) (8) on grounds of lack of personal jurisdiction. In support of its claim, it asserted that it was not a New York corporation, that it was organized under the laws of Tennessee, and that it had never been authorized to do business in New York or register as an insurer with the New York State Department of Insurance. It asserted further that it never maintained an office or employed agents or brokers in New York, had never issued or delivered a policy of insurance to any corporation authorized to do business in New York or to any resident of New York, and that it never derived any revenue "from services performed in New York". "The *only* policies of insurance which PARTHENON has *ever* issued have been to the Hospital Corporation of America ('HCA') and its affiliates. All such policies are executed and delivered in Nashville, Tennessee".

Plaintiff asserted that jurisdiction against Parthenon could be founded on the basis that it was the "captive" insurer of its

parent and affiliates HCA and HCI. It further alleged that Parthenon utilized Ideal as its agent to issue policies to HCA which Parthenon was not authorized to license or write in New York State.

It was established that Parthenon was wholly owned by HCA, its directors were officers of HCA and that all of its direct business was limited to coverage of HCA, which did business in New York State through eight hospitals, and that HCA subsidiaries were also covered by Parthenon policies. It was further established that Parthenon's expenses were paid by HCA.

On appeal it is asserted that Parthenon was (a) doing business in New York State under CPLR 301, and (b) was HCA's alter ego in New York State and is present in New York State for jurisdictional purposes, on the basis of HCA's doing business in New York State.

Plaintiff requested discovery pursuant to CPLR 3211 (d) if additional jurisdictionally related facts were required to establish jurisdiction.

Parthenon asserted that HCA's ownership of all Parthenon's stock and HCA's activities in New York were an insufficient basis on which to found jurisdiction or to attribute HCA's New York activities to Parthenon, which was in an altogether different business.

Special Term granted Parthenon's motion to dismiss, relying heavily on the fact that the two entities were engaged in completely different business activities, hospital management and insurance. Hence, Parthenon could not be regarded as a mere department of HCA, doing all the hospital management insurance business.

Plaintiff moved to reargue on the basis of a newspaper article indicating that Ideal had reinsured certain risks with Parthenon and claimed that $9.8 million was recoverable from Parthenon. Upon reargument, Special Term adhered to its prior decision, suggesting that merely entering into contracts of insurance was insufficient to constitute doing business in New York, although it was acknowledged that if such reinsurance contracts amounted to a regular and systematic course of solicitation of business, it would constitute doing business here. Further, the court refused to grant discovery upon the ground that plaintiff's theory of recovery against Parthenon had no basis in law and that Ideal's liquidation order vested all of Ideal's rights in the Superintendent of Insurance, thus precluding plaintiff from asserting any claim under any reinsurance contract between Ideal and Parthenon.

In our view it is premature to consider the merits of plaintiff's claim. The only issue is whether a sufficient showing has been made to hold that Parthenon was directly doing business in New York or is present in New York on the basis of HCA's doing business here. There is merit to plaintiff's contention that although it may not have established a basis for jurisdiction, it has shown sufficient to entitle it to discovery on that limited issue pursuant to CPLR 3211 (d).

As stated in *Peterson v Spartan Indus.* (33 NY2d 463), plaintiff need only demonstrate that facts "may exist" in order to be entitled to such discovery. Determining whether Parthenon is directly doing business in New York State by virtue of its activities insuring HCA's eight New York State hospitals may not be dispositive. Although there are no cases holding that jurisdiction over a subsidiary may be founded upon the activities of the parent, the cases permitting jurisdiction over the parent on the basis of New York activities of the subsidiary or agent are instructive *(Frummer v Hilton Hotels Intl.,* 19 NY2d 533, *cert denied* 389 US 923; *Dino & Artie's Automatic Transmission Co. v Foundation Life Ins. Co.,* 111 AD2d 60; *Jacobson v Princess Hotels Intl.,* 101 AD2d 757).

It may well be that it can be established that Parthenon is, in substance, a department of HCA for the purpose of writing insurance to cover HCA. Limited discovery is warranted for the purpose of demonstrating that jurisdiction over Parthenon in New York exists. Concur—Sandler, J. P., Ross, Asch, Fein and Kassal, JJ.