■ VICTORIA H. BISSINGER, Respondent, v AGOSTINO DIBELLA, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Rockland County (Stolarik, J.), dated October 16, 1986, which, in effect, denied his motion to set aside an order of the same court, dated June 24, 1986, authorizing expedient service, and to dismiss the complaint for lack of personal jurisdiction, with leave to renew after the completion of discovery.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

On July 8, 1984, the parties were involved in an automobile

accident on the Garden State Parkway near Edison, New Jersey. As set forth in the complaint, the defendant was and is a resident of New Jersey while the plaintiff was, at all times, a New York resident. Upon the plaintiff's ex parte application pursuant to CPLR 308 (5), leave to serve the defendant by mailing a copy of the summons and complaint to his designated insurer via registered mail, return receipt requested, was granted by order of the Supreme Court, Rockland County (Stolarik, J.), dated June 24, 1986. Publication of the summons and complaint in the Bergen Record, a newspaper of general circulation in the defendant's county of residence, was also ordered. The defendant thereafter moved for an order dismissing the complaint and setting aside the order authorizing expedient service.

The mere residence or domicile of an injured plaintiff in New York does not constitute injury within the State for the purpose of establishing jurisdiction under CPLR 302 (a) *(Bramwell v Tucker,* 107 AD2d 731, 732). In the instant case, the plaintiff is not entitled to discovery on the issue of jurisdiction inasmuch as the complaint failed to set forth even conclusory allegations which would permit the court to exercise in personam jurisdiction over the defendant *(cf., Amigo Foods Corp. v Marine Midland Bank,* 39 NY2d 391, *on remand* 61 AD2d 896, *affd* 46 NY2d 855; *Peterson v Spartan Indus.,* 33 NY2d 463, 466-467).

In addition to the fact that no basis for in personam jurisdiction over the defendant was pleaded, the papers in support of the plaintiff's application for expedient service pursuant to CPLR 308 (5) were patently insufficient *(see, Saulo v Noumi,* 119 AD2d 657, 658). Nor does the record contain evidentiary facts establishing fraud, deception, misrepresentation or improper conduct on the part of the defendant's insurer which was calculated to prevent the plaintiff from ascertaining the defendant's address *(see, Colagrosso v Dean,* 99 AD2d 669, 670).

Under the circumstances, the complaint should have been dismissed and the order authorizing expedient service set aside. Thompson, J. P., Brown, Weinstein and Rubin, JJ., concur.