■ M. B. MAHTANI, Appellant, v C. RAMON, INC., et al., Respondents.—Order, Supreme Court, New York County (William J. Davis, J.), entered May 7, 1990, granting defendants' motion to dismiss plaintiff's complaint upon the grounds of lack of personal jurisdiction and inappropriate forum, unanimously affirmed, with costs.

Plaintiff, a New York resident, brought this action for declaratory and monetary relief arising out of transactions which concededly took place in New Jersey. On a motion to dismiss the complaint, defendant H. K. Shah (Shah), president of the corporate defendants named in the complaint, submitted an affidavit alleging, essentially, that neither he nor any of the corporate defendants have any contacts or connection with this State and do not transact business here.

This action arises out of an allegedly usurious loan to plaintiff, a New York resident, as evidenced by a promissory note to the corporate defendant, C. Ramon, Inc., in the amount of $20,000.

The defendants deny any residence in New York, or that they have ever transacted business here.

It was plaintiff's burden to prove that defendants transacted business within the State pursuant to CPLR 302 (a) (1) *(see, Carte v Parkoff,* 152 AD2d 615). Vague references by plaintiff to discussions had in New York which could have taken place either before or long after the transaction complained of fail to demonstrate purposeful activity by the defendants in this State that was undertaken in connection with the transactions at issue. At best, plaintiff's allegations barely suffice to demonstrate that there was an attempt to settle differences with respect to a preexisting contract which, in and of itself, does not support the exercise of personal jurisdiction over the defendants in this case. *(See, e.g., Bankers Commercial Corp. v Alto, Inc.,* 30 AD2d 517.) Concur—Kupferman, J. P., Ross, Rosenberger, Asch, and Wallach, JJ.