■ CORIE MANDEL et al., Appellants, v BUSCH ENTERTAINMENT CORPORATION, Respondent. [626 NYS2d 270] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Ramirez, J.), dated November 15, 1993, which granted the defendant's motion to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

CPLR 3211 (d) protects a party opposing a motion to dismiss the complaint on jurisdictional grounds by providing that such motion may be defeated by merely showing "that facts essential to justify opposition may exist but cannot then be stated". However, a party's mere invocation of CPLR 3211 (d) is not, by itself, enough to defeat such a motion. A party must come forward with some tangible evidence which would constitute a "sufficient start" in showing that jurisdiction could exist, thereby demonstrating that its assertion that a jurisdictional predicate exists is not frivolous *(see, Peterson v Spartan Indus.,* 33 NY2d 463, 467). In this case, neither the complaint nor the plaintiffs' opposition papers have set forth even conclusory allegations regarding a prospective basis upon which the court could exercise in personam jurisdiction over the defendant *(see, Bissinger v DiBella,* 141 AD2d 595; *cf., National Union Fire Ins. Co. v Ideal Mut. Ins. Co.,* 122 AD2d 630). Although the plaintiffs noted in their opposition papers that "jurisdiction may often be obtained through a potential defendant's parent and/or subsidiary corporation", they wholly failed to even allege that any such corporation existed in this case. Accordingly, they did not make a "sufficient start" by demonstrating that essential jurisdictional facts may exist *(see, Peterson v Spartan Indus., supra,* at 467). Miller, J. P., Pizzuto, Joy and Krausman, JJ., concur.