M.J.F.M. KOOLS, doing business as Kools De Visser, Plaintiff–Appellant,

v.

CITIBANK, N.A., Defendant–Appellee.

No. 186, Docket 95–7209.

United States Court of Appeals, Second Circuit.

Dec. 26, 1995.

Present: CARDAMONE, WALKER, and PARKER, Circuit Judges.

## ORDER

This is an appeal from a judgment of the United States District Court for the Southern District of New York, Michael B. Mukasey, *District Judge,* dismissing for lack of standing the claim of an undisclosed principal seeking damages for breach of contract and fraud against the issuer of a letter of credit who paid on the letter. On consideration of the briefs, appendix, record and the oral argument in this appeal, it is hereby ORDERED that the Clerk of this court transmit to the Clerk of the New York Court of Appeals a certificate in the form attached, together with a complete copy of the briefs, appendix and record filed by the parties with this court. This panel retains jurisdiction so that, after we receive a response from the New York Court of Appeals, we may dispose of the appeal.

Certificate to the New York Court of Appeals pursuant to New York Court of Appeals Rule 500.17.

In March 1994, plaintiff-appellant M.J.F.M. Kools ("Kools") brought this action against defendant-appellee Citibank, N.A. ("Citibank"). Kools's complaint alleges that Kools, through his agent Rudy Oei, had applied for a letter of credit with Citibank in the amount of $1,004,400 for the benefit of Jade–USA, Inc. ("Jade–USA"). Kools intended that the letter of credit be used to pay for Kools' purchase of Levi's Jeans from Jade–USA. Oei never revealed to Citibank in the application that he was acting as the agent of Kools or that he was not the principal.

On October 30, 1992, Citibank opened the letter of credit, and it was subsequently amended on November 2 and 4, 1992. Under the terms of the letter of credit agreement, to obtain payment Jade–USA was required to present Citibank with a sight draft bearing the identifying reference specified on the letter of credit; an insurance policy or a certificate of insurance; an original and four copies of Jade–USA's invoice, describing the goods being sold to Kools as "Levi Jeans 501–0191, New, Originals, Made in USA labels"; all of the originals of an "on board" marine bill of lading, issued to the order of Kools and marked "Freight paid"; a packing list; and a "Certificate of Inspection" from Lloyds of London.

Kools alleges that Jade–USA made presentments of documents to Citibank on November 19, 25 and 30, 1992, and that each presentment contained nonconforming documents. Kools alleges further that on December 2, 1992, despite the nonconformities and inconsistencies in the documents, and after Citibank had altered an Inspection Report, Citibank made payment of $1,004,400 to Jade–USA, the full amount of the letter of credit.

In his complaint, Kools stated two causes of action: fraud and breach of contract. Citibank brought a motion, pursuant to Fed. R.Civ.P. 12(b)(6) & (e), to dismiss for lack of standing and for lack of particularity in pleading fraud and/or to require a more definite statement. By an Opinion and Order dated January 4, 1995, the district court dismissed Kools' complaint. *See Kools v. Citibank, N.A.,* 872 F.Supp. 67 (S.D.N.Y.1995). The district court found that Kools, as Oei's undisclosed principal, lacked standing to sue Citibank for the breach of a letter of credit agreement and for fraud. Judgment was entered in favor of Citibank, and this appeal followed.

On appeal, Kools claims that the district court's decision was contrary to New York law. Although the New York Court of Appeals has never addressed the standing to sue of an undisclosed principal in a letter of credit transaction, Kools argues that the district court was bound, pursuant to *West v. American Telephone & Telegraph Co.,* 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139 (1940), to

follow the decision of the Appellate Division, First Department, in *Taub v. Colonial Coated Textile Corp.*, 54 A.D.2d 660, 387 N.Y.S.2d 869 (1st Dep't 1976). *Taub* involved a dispute between an Israeli coat manufacturer and a bank ("Mercantile") which had issued a letter of credit at the request of A. Irani Ltd. ("Irani") in favor of Colonial Coated Textile Corporation. Like Kools in the case at bar, Taub claimed that he was the undisclosed principal of the party who had caused the bank to issue the letter of credit. The Supreme Court, New York County, dismissed the action on the grounds that Taub lacked standing to sue, after which Taub moved to vacate that order pursuant to N.Y. CPLR § 5015. After Taub submitted new evidence that substantiated his contention that he was the undisclosed principal of Irani, the Supreme Court reinstated the action. On appeal by Mercantile from the Supreme Court's decision, the First Department held that the Supreme Court's decision to consider the new evidence was proper under § 5015(a)(2). The court then stated that "[a]s an undisclosed principal on whose behalf the letter of credit was opened, plaintiff is the real party in interest and may prosecute the action in his own name." *Id.* at 661, 387 N.Y.S.2d at 869.

On the face of the memorandum decision, the court in *Taub* seemed only to address whether the lower court had the power to review new evidence in a motion for reargument. As the district court noted, the *Taub* court's decision did not mention either N.Y.U.C.C. art. 5, which governs letter of credit transactions in New York, or the Uniform Customs and Practices for Documentary Credits ("UCP"), which are typically incorporated into letter of credit agreements, as permitted by N.Y.U.C.C. § 5–102(4). The First Department also failed to discuss any policy reasons why undisclosed principals should have standing to bring actions for breach of letter of credit agreements in the face of precedents from this circuit and other courts which may suggest that standing in such an agreement is limited to the named parties. *See, e.g., Kunglig Jarnvagsstyrelsen v. National City Bank*, 20 F.2d 307 (2d Cir.), *cert. denied*, 275 U.S. 497, 48 S.Ct. 121, 72 L.Ed. 392 (1927). Furthermore, the appel-

lant's brief before the First Department in *Taub* did not raise any of these issues. *See Kools*, 872 F.Supp. at 71.

Because the district court was of the view that the First Department had not been asked whether the standing of undisclosed principals in letter of credit agreements should be different than in other contractual agreements, the district court declined to follow *Taub*. Instead, the district court, after considering this court's decision in *Kunglig*, as well as the decisions of other courts concerning letter of credit transactions, concluded that a bank issuing a letter of credit is liable only to parties with whom it has direct contact. The district court noted that the commercial worth of letters of credit is grounded in the fact that the issuer is insulated from the underlying transaction and that the issuer need only be concerned with the credit worthiness of the applicant. Therefore, allowing an undisclosed principal standing "would disrupt established expectations and complicate letter of credit law in other ways." *Kools*, 872 F.Supp. at 72.

Kools asserts that the district court's reasoning is flawed. He argues first that this court's decision in *Kunglig* supports, not undermines, his position because, he claims, this court implicitly recognized "that an undisclosed principal of the ostensible customer of an issuing bank may sue that bank." Appellant Brief at 21. Kools also points to cases in other courts that he claims support his position, and that the policy considerations set forth by the district court would not be adversely affected by granting him standing.

Other than *Taub*, we have been unable to find any case decided by the New York state courts which would resolve the issue of the standing of an undisclosed principal to bring a breach of a letter of credit agreement. Because the decision in *Taub*, on its face, suggests that the issue there was the power of the state Supreme Court to consider new evidence in a motion for reargument, we do not think that the courts of New York State have settled the question of whether the law of standing for undisclosed principals in letter of credit transactions should differ from

other transactions. We also note that the standing of undisclosed principals to bring such actions may well affect the commercial practices of New York lending institutions with respect to letter of credit transactions. Accordingly, we certify the following questions to the New York Court of Appeals:

1. Does an undisclosed principal in a letter of credit transaction governed by the Uniform Customs and Practices for Documentary Credits and New York law have standing to bring a breach of contract action against the issuing bank?

2. Does an undisclosed principal in a letter of credit transaction governed by the Uniform Customs and Practices for Documentary Credits and New York law have standing to bring a fraud action against the issuing bank?

We believe that these questions are suitable for resolution by the New York Court of Appeals because the standing of undisclosed principals to bring suit under a letter of credit agreement is an issue of importance to the State, to banks, and to the banks' customers. New York has a significant interest in the interpretation of letter of credit agreements because New York is a major financial and commercial center and the standing of undisclosed principals may affect the availability of letters of credit and the willingness of commercial parties to enter into such transactions in New York. By removing any ambiguity from New York law on this issue, the Court of Appeals can make it easier for parties to enter into letter of credit agreements with full knowledge of the legal consequences and to minimize the risks to all parties concerned.

The foregoing is hereby certified to the Court of Appeals of the State of New York as ordered by the United States Court of Appeals for the Second Circuit.

FOR THE COURT
GEORGE LANGE III, Clerk
By: LUCILLE CARR
     Lucille Carr
     Operations Manager