[No. 33684-7-II.   Division Two.   May 31, 2006.]

TROY DANA ET AL., *Appellants*, v. SHAWN BOREN ET AL., *Respondents*.

308

*Joseph Scuderi, Benjamin D. Cushman,* and *Jon E. Cushman* (of *Cushman Law Offices, P.S.*), for appellants.

*Mark C. Scheibmeir* (of *Hillier Scheibmeir Vey & Kelly*), for respondents.

¶1 QUINN-BRINTNALL, C.J. — Troy Dana appeals the CR 12(b)(6) dismissal of his lawsuit against Shawn Boren and Harold Kupers. The superior court's ruling was based on the conclusion that an undisclosed principal cannot enforce a contract his agent enters into. This conclusion was incorrect. We reverse and remand for further proceedings.[1]

## FACTS

¶2 Dana and Kupers are members of The Maple Mill, L.L.C., a business entity that purchases and sells specialty wood products, including billets of cello tonewood. A cello tonewood billet consists of two large pieces of wood used to create the front and back of a cello and three smaller pieces used to create its sides. The L.L.C. contracted with Boren to sell its products on an internet auction website.

¶3 At some point, litigation commenced between Dana, the L.L.C., and the other members of the L.L.C. In August 2004, a court order was issued enjoining the L.L.C. or its membership from disposing of L.L.C. assets during the pendency of the litigation.

¶4 Dana came to believe that L.L.C. wood products were missing and that Kupers was responsible. Dana discovered that Boren was continuing to sell the L.L.C.'s cello tonewood billets on the auction website. Dana hired Frank Wilson, a private investigator, to purchase billets from Boren on the online auction. In September 2004, Wilson, posing as a Kansas resident, made a successful bid and submitted payment for two billets totaling $1,000. Boren sent Wilson a confirmation e-mail requesting shipping

---

[1] In the unpublished portion of this opinion, we reject Boren and Kupers's contention that we should affirm the superior court's ruling on summary judgment grounds. We also deny Dana's request for attorney fees and costs.

information and reminding Wilson of his obligation to pay shipping costs as a term of the successful bid.

¶5 Two days later, and without notice, Wilson came to Boren's home to pick up the billets. Boren was not home, but his mother was, and she provided Wilson with what she believed were the billets. It was later determined that the billets were each missing the three side pieces.

¶6 Once Wilson disclosed to Boren that he was working on Dana's behalf, the parties engaged in a series of disputes over the remaining pieces. Dana eventually sued Boren and Kupers to obtain the side pieces. Dana's claims included breach of contract, fraud, and violation of the Consumer Protection Act (CPA), chapter 19.86 RCW.

¶7 Boren and Kupers filed a motion to dismiss for failure to state a claim or, in the alternative, for summary judgment. They argued that an undisclosed principal has no standing to sue for breach of contract. The superior court agreed and granted the motion to dismiss, leaving the motion for summary judgment unresolved.

¶8 This appeal followed.

## ANALYSIS

MOTION TO DISMISS

¶9 A court should grant a motion to dismiss under CR 12(b)(6) only if the plaintiff is not entitled to relief on a claim under any set of facts. *Cutler v. Phillips Petroleum Co.*, 124 Wn.2d 749, 755, 881 P.2d 216 (1994), *cert. denied*, 515 U.S. 1169 (1995). A CR 12(b)(6) motion questions only the legal sufficiency of the allegations in a pleading, asking whether there is an insuperable bar to relief. *Contreras v. Crown Zellerbach Corp.*, 88 Wn.2d 735, 742, 565 P.2d 1173 (1977). We review de novo a CR 12(b)(6) ruling. *Cutler*, 124 Wn.2d at 755.

¶10 Dana's complaint set forth claims based on the undisputed contract between Wilson and Boren. *See Farrell v. Neilson*, 43 Wn.2d 647, 649, 263 P.2d 264 (1953) (contract formed when the auctioneer accepts the highest

bid and the hammer falls or "sold" is pronounced). The parties agree that Wilson entered the contract as an agent for Dana and that Dana was an undisclosed principal. *See* RESTATEMENT (SECOND) OF AGENCY §§ 1, 4 (1958). The trial court concluded that as a matter of law, an undisclosed principal cannot enforce a contract his agent made with a third party. This ruling was based on an incomplete statement of the law in a 1985 Court of Appeals opinion. But an earlier Supreme Court case holding to the contrary remains good law and controls our decision here.

¶11 It has long been the law that an undisclosed principal may enforce a contract made through an agent on his behalf. This rule is set forth in *Columbia Security Co. v. Aetna Accident & Liability Co.*, 108 Wash. 116, 126-27, 183 P. 137 (1919):

> "[I]t is a well established general rule that, where an agent on behalf of his principal, enters into a simple contract as though made for himself, and the existence of the principal is not disclosed, the contract inures to the benefit of the principal who may appear and hold the other party to the contract made by the agent. By appearing and claiming the benefit of the contract, it thereby becomes his own to the same extent as if his name had originally appeared as a contracting party, and the fact that the agent has made the contract in his own name does not preclude the principal from suing thereon as the real party in interest."

(Quoting 2 C.J. *Agency* § 555, at 873-74.) This rule is also set forth in several secondary sources. *See* RESTATEMENT (THIRD) OF AGENCY § 6.03 (Tentative Draft No. 4, 2003); RESTATEMENT (SECOND) OF AGENCY § 302 (1958); 12 RICHARD A. LORD, WILLISTON ON CONTRACTS § 35:46, at 410-12 (4th ed. 1999). A corollary to this rule is the rule that an agent and undisclosed principal are jointly and severally liable for contracts the agent formed on the principal's behalf. *Crown Controls, Inc. v. Smiley*, 110 Wn.2d 695, 706, 756 P.2d 717 (1988).

¶12 An undisclosed principal's right to enforce the contract is subject to some exceptions, none of which applies here. He or she may not enforce a contract if: (1) recovery by

the principal is excluded by the form or terms of the contract, (2) the parties intended to exclude an undisclosed principal, (3) the third party's rights would be impaired by the principal's recovery, (4) the principal's existence is fraudulently concealed, (5) the agent expressly and falsely asserts that he is the principal or that he does not represent a certain principal with whom the third party does not wish to deal, or (6) the agent fails to disclose the principal's existence knowing that the third party would not enter into transactions with the principal. LORD, *supra*, § 35:46, at 413-16; *see also* RESTATEMENT (SECOND) OF AGENCY §§ 302-304 (1958). These exceptions are largely fact specific and a CR 12(b)(6) motion will rarely, if ever, be appropriate. *See Haberman v. Wash. Pub. Power Supply Sys.*, 109 Wn.2d 107, 121, 744 P.2d 1032, 750 P.2d 254 (1987) (consideration of evidence outside the pleadings generally turns a CR 12(b)(6) motion into a summary judgment motion); *Contreras*, 88 Wn.2d at 742 ("The question under CR 12(b)(6) is basically a legal one, and the facts are considered only as a conceptual background for the legal determination.").

¶13 Here, the trial court based the conclusion that an undisclosed principal cannot enforce an agent's contracts on the following passage from *Styner v. England,* 40 Wn. App. 386, 388, 699 P.2d 234 (1985):

> Generally, a principal is entitled to maintain a claim on a contract made by his agent with a third party if: (1) the principal is named as the contracting party, (2) the third party is bound by the contract, and (3) the third party is liable to the principal to the same extent as if he had contracted with the principal in person.

But the trial court's reliance on this opinion is misplaced. *Columbia Security Co.* remains good law and controls over any contrary Court of Appeals opinion. *See Smiley*, 110 Wn.2d at 700. In addition, *Styner* holds only that a disclosed principal can maintain an action on an agent's contract; the case does not address whether an undisclosed principal can maintain a claim. The trial court's overly broad application of *Styner* is apparent from reading the

authority that *Styner* relies on. *See* 40 Wn. App. at 388 (citing *Sumner v. Flowers*, 130 Cal. App. 2d 672, 675, 279 P.2d 772 (1955) (" 'The contract of the agent is the contract of the principal, and he may sue or be sued thereon, though not named therein . . . . [I]t is well settled that the principal may show that the agent who made the contract in his own name was acting for him . . . .' This declares the universal law." (quoting *Ford v. Williams*, 62 U.S. (21 How.) 287, 289, 16 L. Ed. 36 (1858))); *Taub v. Colonial Coated Textile Corp.*, 54 A.D.2d 660, 387 N.Y.S.2d 869, 870 (1976) ("As an undisclosed principal on whose behalf the letter of credit was opened, plaintiff is the real party in interest and may prosecute the action in his own name."); RESTATEMENT (SECOND) OF AGENCY § 292 (1958).

¶14 Generally, an undisclosed principal can sue to enforce a contract entered into by his agent. The superior court thus erred in granting Boren and Kupers's CR 12(b)(6) motion to dismiss.

¶15 Reversed and remanded.

¶16 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

ARMSTRONG and PENOYAR, JJ., concur.