NICA Acupuncture, P.C., Ocean One Physical Therapy, P.C., Oleg Barshay, D.C., as Assignees of Pierre Dumasais and Lunie Jacques, Appellants,
against
American Independent Insurance Company, Respondent. 




Law Office of Damin J. Toell, P.C. (Damin J. Toell of counsel), for appellants.
Freiberg, Peck & Kang, LLP (Freiberg, Peck & Kang, LLP), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Richard J. Montelione, J.), entered November 16, 2017. The order granted defendant's motion to dismiss the complaint and denied plaintiffs' cross motion seeking discovery pursuant to CPLR 3211 (d).




ORDERED that the order is affirmed, with $25 costs.
In this action by providers to recover assigned first-party no-fault benefits, plaintiffs appeal from an order of the Civil Court which granted defendant's motion to dismiss the complaint and denied plaintiffs' cross motion seeking discovery pursuant to CPLR 3211 (d).
Plaintiffs' sole argument on appeal is that the Civil Court should have denied defendant's motion to dismiss and ordered jurisdictional discovery, pursuant to CPLR 3211 (d), because plaintiffs could not properly oppose defendant's motion without such discovery. Contrary to plaintiffs' contention, the conclusory affirmation by plaintiffs' counsel and the exhibits annexed to plaintiffs' cross motion, which included a transcript of the vice president of claims for American Independent Companies, Inc., the parent company of, among others, defendant, did not constitute the "tangible evidence" (Mandel v Busch Entertainment Corp., 215 AD2d 455, 455 [1995]) necessary to substantiate plaintiffs' allegation that jurisdiction could exist, thereby demonstrating that plaintiffs' assertion of the existence of a jurisdictional predicate was not [*2]"frivolous" (Peterson v Spartan Indus., 33 NY2d 463, 467 [1974]). Thus, plaintiffs did not make a "sufficient start" (id.) by showing that essential jurisdictional facts might exist to warrant discovery on the issue of personal jurisdiction over defendant.
Accordingly, the order is affirmed.
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 18, 2019